McDONNELL v. UNITED STATES.*

No. 330.   Argued January 17, 1933.—Decided March 13, 1933.

*Mr. Robert Ash* for petitioners.

*Assistant Attorney General Rugg,* with whom *Solicitor General Thacher* and *Messrs. Whitney North Seymour, H. Brian Holland,* and *Erwin N. Griswold* were on the brief, for the United States.

*Messrs. Fred A. Woodis* and *Francis R. Lash,* by leave of Court, filed a brief as *amici curiae.*

* Together with No. 331, *Truda* v. *United States.*

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

These cases arose out of the same transaction and present, on substantially the same facts, the same question of law. Reference will be made in the opinion only to the McDonnell case.

The action was brought by McDonnell in the Court of Claims on November 4, 1929 to recover $4,549.03 with interest from the date of payment, October 23, 1926. McDonnell filed his individual income-tax return for 1917 on April 1, 1918, and paid the amount shown thereon to be due. The sum now sought to be recovered was paid to the collector of internal revenue for the Second District of New York pursuant to an assessment of an additional income tax for the year 1917, which was made by the Commissioner of Internal Revenue on October 9, 1926. There had been a waiver on February 23, 1926 of the statutory limitation upon the time for making the assessment. Claims for refund were made on December 27, 1928 and May 31, 1929, alleging that the waiver was invalid and that the amount claimed was collected after the running of the statute. The claims for refund were rejected on March 6, 1929 and July 25, 1929. The Court of Claims entered judgment for the defendant. 75 Ct. Cls. 155, 186; 59 F. (2d) 290. Because of conflict of the decision with that in *Uncasville Manufacturing Co.* v. *Commissioner*, 55 F. (2d) 893, certiorari was granted, limited to the question of the validity of the waiver under § 278 (e) of the Revenue Act of 1924. 287 U. S. 589.

The waiver was given under the following circumstances. McDonnell was in 1917 a member of the firm of McDonnell & Truda, which in that year filed its income tax return and paid the taxes therein shown to be due. On March 18, 1923, that is, within five years after the filing of the return and before the expiration of the period allowed by § 250 (d) of the Revenue Act of 1921 for

assessment and collection of an additional tax, the Commissioner made a jeopardy assessment against the firm of $100,005.14. On November 30, 1925, that is, after the expiration of the statutory period for making an additional assessment against the plaintiff, the Commissioner notified the plaintiff that the amount payable by the firm for additional tax should, because of errors, be reduced to $24,863.28; but that a reduction of the liability of the partnership necessitated additional taxes to the individual members of the firm; and that he would not make the reduction to the firm unless plaintiff and his partner would waive the statute of limitations so as to permit additional individual taxes and would pay the amounts assessed against them. Each gave the waiver requested and paid the amount now sought to be recovered.

It is conceded by McDonnell that the tax was payable, unless it was barred by the period of limitations prescribed in § 250 (d) of the Revenue Act of 1921 or § 277 (a) (2) of the Revenue Act of 1924. It is conceded by the Government that it was so barred, unless the limitation was removed by the waiver signed by McDonnell on February 23, 1926, which, by its terms, purported to extend to December 31, 1926 the time within which the Commissioner could assess additional taxes for the year 1917.

McDonnell claims that the Revenue Act of June 2, 1924 renders the waiver ineffective, because the assessment of the tax had been barred on April 1, 1923. The contention is that, since the period of limitation had expired before the passage of the 1924 Act, the waiver was inoperative under the express terms of paragraph (e) of § 278 of that Act, which declares:

" This section shall not (1) authorize the assessment of a tax or the collection thereof by distraint or by a proceeding in court if at the time of the enactment of this Act such assessment, distraint or proceeding was barred by the

period of limitation then in existence, or (2) affect any assessment made or distraint or proceeding in court begun, before the enactment of this Act." [1]

The contention of the petitioner, expressed in different terms, is that waivers executed subsequent to June 2, 1924 are invalid where the date of filing the return was such that the five-year period for assessment elapsed before June 2, 1924. Obviously, the waiver would have been good if executed before June 2, 1924, the period of limitation expiring when it did; for in that event the assessment would not have been " barred by the period of limitation " at the time of the enactment of the 1924 Act. The fact that the waiver was executed after the running of the statute of limitations does not render it invalid. *Burnet* v. *Chicago Railway Equipment Co.*, 282 U. S.

---

[1] Act of June 2, 1924, c. 234, § 278 (e), 43 Stat. 253, 299, 300. The preceding paragraphs of the section are as follows:

"(a) In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

"(b) Any deficiency attributable to a change in a deduction tentatively allowed under paragraph (9) of subdivision (a) of section 214, or paragraph (8) of subdivision (a) of section 234, of the Revenue Act of 1918 or the Revenue Act of 1921, may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

"(c) Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.

"(d) Where the assessment of the tax is made within the period prescribed in section 277 or in this section, such tax may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the tax. Nothing in this Act shall be construed as preventing the beginning, without assessment, of a proceeding in court for the collection of the tax at any time before the expiration of the period within which an assessment may be made."

295, 298–299; *Stange* v. *United States,* 282 U. S. 270, 273–275. And confessedly, the waiver would have been good, executed when it was, if the period of limitation had expired after June 2, 1924.

Nothing in the legislative history of § 278 indicates an intention to exclude cases like that at bar from the generality of those in which waivers may be given. The purpose of Congress in enacting paragraph (c) of § 278 indicates the contrary. Prior to the 1921 Act there was no statutory provision expressly authorizing waivers; but their execution had grown out of administrative practice. Doubt as to their validity in the absence of statute, however, had been raised; and the doubt in that situation was not removed until the decision in *Aiken* v. *Burnet,* 282 U. S. 277. The purpose of Congress in enacting paragraph (d) of § 250 of the Revenue Act of 1921 and paragraph (c) of § 278 of the Revenue Act of 1924 was not to grant authority for waivers or to limit their effect, but to remove that doubt by expressly recognizing them. The latter paragraph substantially reënacted paragraph (d) of § 250 of the Revenue Act of 1921.[2]

Both the language and the purpose of paragraph (e) are consistent with this view. It was pointed out in *Burnet* v. *Chicago Railway Equipment Co.,* 282 U. S. 295, 300, note 5, that paragraph (e) cannot have been intended to qualify every other subdivision in § 278. The petitioner assumes, in fact, that it does not qualify subdivisions (a) and (b), which provide, respectively, for assessment at any time in the case of false or fraudulent returns or failure to file returns, and in the case of deficiencies attributable to a change in deductions taken in amortization of war investments. That paragraph (e) does qualify paragraph (d), which extends the period in

---

[2] See H. Rep. No. 179, 68th Cong., 1st Sess., p. 26; S. Rep. No. 398, 68th Cong., 1st Sess., p. 32.

which collection may be made to six years after assessment, was decided in *Russell* v. *United States,* 278 U. S. 181. The petitioner argues that since paragraph (d) relates only to collection, and since the qualifications of paragraph (e) apply in terms to assessments as well, the latter paragraph must limit paragraph (c), the only remaining subdivision. But this conclusion does not necessarily follow. Congress may have inserted the reference to "assessments" in paragraph (e) in order to make it clear that the extension of time for collections should in no event be regarded as authorizing an assessment already barred by the applicable statute of limitations. Moreover, paragraph (d) alone marked a change in the policy of Congress.[8] Paragraph (e) was inserted to prevent the section from being given a "retroactive effect."[4] To apply it to paragraph (c) would not serve that function. On the contrary, it would serve to cause a break in the policy of giving effect to waivers,—a policy expressly adopted in the Act of 1921 and avowedly continued by the Act of 1924. The disclaimer of an intention to "authorize an assessment" where "such assessment" was already barred cannot be taken to refer to assessments

---

[8] See the committee reports, *loc. cit. supra,* note 2; also Hearings on H. R. 6715 before Senate Committee on Finance; 68th Cong., 1st Sess., pp. 36, 39. As originally drafted, paragraph (d) authorized collection without limitation of time. See Hearings, *supra,* p. 39; Statement of Changes Made in the Revenue Act of 1921 by H. R. 6715 and the Reasons Therefor, Senate Committee on Finance, 68th Cong., 1st Sess., p. 27. The limitation on collections of six years from the date of assessment was proposed by the Senate and agreed to by the House. See Conference Report, H. R. No. 844, 68th Cong., 1st Sess., p. 24. The 1921 Act, § 250 (d), had imposed a limit on collections of five years from the date of return. See *Russell* v. *United States,* 278 U. S. 181, 185.

[4] See Hearings on H. R. 6715 before the Senate Committee on Finance, 68th Cong., 1st Sess., p. 41 (Statement of A. W. Gregg, Treasury draftsman).

which were authorized by § 278 only in the sense that they were made pursuant to an agreement by the taxpayer of the kind which the Act continued to recognize and sanction.                                                            *Affirmed.*