FLEITMANN v. BURNET, Com'r of Internal Revenue.
No. 5656.

Court of Appeals of the District of Columbia.
Argued Feb. 17, 1933.
Decided April 3, 1933.

Howe P. Cochran, of Washington, D. C., for appellant.

G. A. Youngquist, Sewall Key, Morton K. Rothschild, C. M. Charest, and Bruce A. Low, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

The appeal in this case involves income taxes for the year 1918 in the amount of $23,945.57, of which $3,895.67 have been paid, and is taken from the decision of the Board of Tax Appeals.

The board found the facts substantially as follows: On February 7, 1924, the commissioner notified the taxpayer that he proposed to assess $42,702.50 additional tax for 1918. He asked for a waiver of the statute of limitations as a condition of not making this as-

sessment. The taxpayer protested the assessment and sent in a waiver dated February 18, 1924, extending the period of assessment and collection for one year. The proposed tax was nevertheless assessed March 8, 1924, and in that same month the taxpayer filed a claim for an entire abatement. The first waiver carried the period of extension to February 18, 1925. Subsequent waivers were filed as follows: February 18, 1926; November 18, 1926; December 15, 1927; October 17, 1928; September 27, 1929. The board found that in each instance the waiver was requested by the respondent and that it was pursuant to these requests that waivers were signed and sent in by the petitioner. Petitioner, however, contends that the waivers were invalid in that they were not personally signed by the Commissioner of Internal Revenue. The waivers in question, as in the case of Fleitmann & Crimmins, Executors, v. Commissioner, 62 App. D. C. 88, 65 F.(2d) 176 (decided this day), were signed in the commissioner's name by subordinates in the department who were duly authorized in respect thereto by their immediate superiors, who in turn had been delegated that authority by the commissioner. There was a rule of the department which required all waivers received from taxpayers to be referred to the head of the division in which the case was then under consideration, and this head of the division was required to determine whether the waiver was acceptable.

The head of division referred to was always some one who had been specifically authorized by the commissioner in writing to sign his name. The practice of the department under this rule was to have the head of division pass upon the acceptability of the waiver and then to authorize a subordinate to sign the commissioner's name in evidence of approval. In the case of Fleitmann & Crimmins, Executors, v. Commissioner, supra, we said we would assume, nothing appearing to the contrary, that the rule had been duly observed, and held that the signing of the commissioner's name was a ministerial act and that when a duly authorized deputy had exercised the discretionary authority to accept or reject the waiver, the mere physical act of signing the waiver was no more than carrying out in a ministerial way the discretion which had already been exercised, and was, therefore, a valid act. All of the reasons which we set out as sustaining the decision of the Board of Tax Appeals in that case apply in this, and it would serve no useful purpose to repeat them.

An additional point made by petitioner in this case is that as to the second and third waivers a statement in the commissioner's letter to the effect that the period of limitations was about to expire was in point of fact incorrect since the period had already expired, but we think this cannot change the result. The fact that the statute of limitations was then available to the taxpayer does not invalidate subsequently executed waivers. See Stange v. United States, 282 U. S. 270, 51 S. Ct. 145, 75 L. Ed. 335. Besides this, there is nothing to show that the taxpayer in executing these subsequent waivers was induced or misled by the commissioner's letter. As a matter of fact, he succeeded as a result of this in having a tax liability then fixed at forty-two thousand and odd dollars reduced nearly 50 per cent.

The decision of the Board of Tax Appeals is affirmed.

Affirmed.