**HELVERING, Commissioner of Internal Revenue, v. WIESE.**

No. 9670.

Circuit Court of Appeals, Eighth Circuit.

Jan. 18, 1934.

Norman D. Keller, Sp. Asst. to Atty. Gen. (Sewall Key, Sp. Asst. to Atty. Gen., and E. A. Tonjes, Sp. Atty., Bureau of Internal Revenue, and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, both of Washington, D. C., on the brief), for petitioner.

Norris Brown, of Omaha, Neb. (David A. Fitch and Ralph M. West, both of Omaha, Neb., on the brief), for respondent.

Before STONE and WOODROUGH, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge.

This petition seeks to review a decision by the United States Board of Tax Appeals. The Commissioner had determined a deficiency income tax against the respondent for each of the years 1922 and 1923. Upon a review by the Board of Tax Appeals it was held that there was no deficiency for these years. In its decision the Board of Tax Appeals said:

"The only error assigned by the petitioner is that the statute of limitations had expired with respect to 1922 and 1923. The returns for 1922 and 1923 were filed on March 15, 1923, and March 13, 1924, respectively. Notice of deficiency was mailed on December 15, 1928. On April 25, 1928, the petitioner and the Commissioner filed a consent in writing extending the time for assessment of the taxes for the years involved to December 31, 1928.

"The consent in writing was signed after the expiration of the statute of limitations and after the collection had been barred by the provisions of section 706 (a). We have held under the circumstances that where a consent in writing was entered into between the taxpayer and Commissioner after the statute of limitations expired and subsequently to the passage of the Revenue Act of 1926 and prior to the enactment of the Revenue Act of 1928, it was ineffective, since section 1106 extinguished both the right and the remedy. See Knight-Campbell Music Co. et al., 23 B. T. A. 1233; Steiner Manufacturing Company, 18 B. T. A. 740; United States Refractories Corporation, 23 B. T. A. 872; White Oak Transportation Co., 24 B. T. A. 307. See also a ruling of the Commissioner of Internal Revenue under date of September 3, 1929 (Internal Revenue Bulletin, September 23, 1929, Vol. VIII, No. 38, at page 4), where the following is stated:

"A waiver filed by a taxpayer prior to the enactment of the Revenue Act of 1928 but after the running of the statute of limitations, and after liability on the part of the taxpayer to pay a deficiency in tax was extinguished under the provisions of section 1106 (a) of the Revenue Act of 1926, is a nullity and does not operate to extend the time within which to determine and assess a deficiency in tax or to extend the time within which to file a claim for refund.

"On the authority of our previous decisions, which from the foregoing appear to have been acquiesced in by the Commissioner, we hold that the statute of limitations in this proceeding has run."

The questions presented by the petitioner are the same that were presented in the cases of Commissioner of Internal Revenue v. Oswego & Syracuse R. Co. (C. C. A.) 62 F.(2d) 518, and Commissioner of Internal Revenue v. Northern Coal Co. (C. C. A.) 62 F.(2d) 742. The decisions in these cases were affirmed by the Supreme Court of the United States (Helvering v. Northern Coal Co., 54 S. Ct. 94, 78 L. Ed. ——; Helvering v. Oswego & Syracuse R. Co., 54 S. Ct. 95, 78 L. Ed. ——) on October 23, 1933, by an even division of the judges sitting in the cases. This court agrees with the conclusions reached in the decisions in those cases.

The petitioner in this case claims that section 1106 (a) of the Revenue Act of 1926 (26 USCA § 1249 note) was repealed retroactively as of the date of the enactment by section 612 of the Revenue Act of 1928 (45 Stat. 875), and that that fact demonstrates the fundamental error in the decision of the Board of Tax Appeals. Without stopping to consider this contention, it is apparent that the Revenue Act of 1926 was not left in force in its original form, because the Act of 1928 modified the 1926 Act. Section 506 of the Act of 1928 (26 USCA §§ 1060, 1060 note, 1061, 1062a), amended section 278 of the Revenue Act of 1926 as follows:

"Sec. 506. *Waivers after Expiration of Period of Limitation.*

"(a) Section 278 (c) and (d) of the Revenue Act of 1926 are amended to read as follows:

"'(c) Where before the expiration of the time prescribed in section 277 for the assessment of the tax, both the Commissioner and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

"'(d) Where the assessment of any income, excess-profits, or war-profits taxes imposed by this title or by prior Act of Congress has been made (whether before or after the enactment of this Act) within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this Act), but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer before the expiration of such six-year period. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.'

"(b) Section 278 of the Revenue Act of 1926 is further amended by adding at the end thereof a new subdivision to read as follows:

"'(f) Any agreement which would be within the provisions of subdivisions (c) or (d) of this section but for the fact that it was executed after the expiration of the period of limitation extended by such agreement, shall be valid and effective according to its terms if entered into after the enactment of the Revenue Act of 1928 and before January 1, 1929.'

"(c) The amendments made by this section to the Revenue Act of 1926 shall not be construed as in any manner affecting the validity of waivers made prior to the enactment of this Act, which shall be determined according to the law in existence at the time such waiver was filed." 45 Stat. 870.

The date of enactment of the 1928 Revenue Act was May 29, 1928. It will be observed from the statute quoted that Congress did not undertake to validate all agreements which had been, or should thereafter be, made under the provisions of subdivisions (c) and (d), but only those which were to be executed after the enactment of the Revenue Act of 1928, and before January 1, 1929.

This omission to validate an agreement, such as that made by the respondent in this case, executed before May 29, 1928, is shown to have been intentional by subdivision c, which declares that the amendments made by section 506 are not to be construed as affecting the validity of waivers made prior to May 29, 1928, but that such waivers should be determined according to the law in existence at the time the waiver was filed.

The law in force when the waiver in question was filed was the Revenue Act of 1926, including section 1106 (a) of the act (26 USCA § 1249 note), which declared that the existence of the bar of the statute of limitations not only barred the remedy, but also extinguished the liability. If there was no liability to be taxed, the liability could not be imposed by a consent of the respondent. The subject to be taxed, the rate of taxation to be imposed, and the other incidents of a tax, including a liability to be taxed, depended upon an applicable act of Congress.

As our conclusion is that the agreements made by the respondent to extend the time

for the assessments of a tax for the several years were without legal effect, it follows that the decision of the Board of Tax Appeals must be affirmed.

WOODROUGH, Circuit Judge, dissenting.

I dissent upon the same grounds elaborated by Judge L. Hand in Commissioner v. Oswego & Syracuse R. Co. (C. C. A.) 62 F.(2d) 518, strengthened to some slight extent by McDonnell v. United States, 288 U. S. 420, 53 S. Ct. 410, 77 L. Ed. 869.