## S. S. PIERCE CO. v. UNITED STATES.

District Court, D. Massachusetts.

Dec. 30, 1936.

668

Hutchins & Wheeler, Harry Le Baron Sampson, and Edwin A. Howes, all of Boston, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to the U. S. Atty., both of Boston, Mass., Robert H. Jackson, Asst. Atty. Gen., and Andrew D. Sharp and Lester L. Gibson, Sp. Assts. to the Atty. Gen., for the United States.

McLELLAN, District Judge.

This action at law was brought to recover certain taxes alleged to have been wrongfully collected by distraint at a time when their collection was barred by the statute of limitations. The parties have stipulated many of the material facts, which are as stipulated. The stipulation is without prejudice to the right of either party to introduce other and further evidence not inconsistent with the facts there set forth. The parties introduced further evidence bearing on certain disputed questions.

The following facts appear, either from the stipulation or from evidence presented at the hearing. The petitioner, the S. S. Pierce Company, is a Massachusetts corporation, having its principal place of business in Boston. On July 15, 1920, the petitioner filed its return of income and profits taxes for its fiscal year ending March 31, 1920, reporting therein taxes due and payable of $56,974.70. Taxes in this amount were duly assessed by the Commissioner in December, 1920. No taxes were paid by the petitioner at the time of filing its return, because at that time and subsequently the petitioner filed claims for credit against the taxes as shown on account of alleged overpayments in other years.

On October 2, 1925, the petitioner executed and filed with the collector of internal revenue for Massachusetts a document designated "Income and Profits Tax Waiver." This provided: "In order to enable the Bureau of Internal Revenue to give thorough consideration to any claims for abatement or credit filed on behalf of S. S. Pierce Company of 69 Tremont Street, Boston, Mass., covering any income, excess-profits or war-profits tax assessed against the said taxpayer under the existing or prior Revenue Acts for the year ending Mar. 31, 1920, and to prevent the immediate institution of a proceeding for the collection of such tax prior to the expiration of the six year period of limitation after assessment within which a distraint or a proceeding in court may be begun for the collection of the tax, as provided in Section 278 (d) of the existing Revenue Act, the said taxpayer hereby waives any period of limitation as to the time within which distraint or a proceeding in court may be begun for the collection of the tax. * * *" This waiver was to remain in effect until December 31, 1926. It is signed on behalf of the petitioner by its treasurer. It is not signed by the Commissioner, or by any other person purporting to act on his behalf. There was no other evidence sufficient, in my opinion, to show that the Commissioner consented in writing to this waiver.

On October 28, 1926, another waiver was executed by the petitioner which was filed on November 15, 1926, with the collector of internal revenue for Massachusetts. This waiver was in general terms, and was to remain in effect until December 31, 1927. It contained a proviso, however, "that the taxpayer does not waive hereby any statute of limitations which has run heretofore in favor of the taxpayer." This waiver was signed by representatives of both the petitioner and the Commissioner.

On March 16, 1927, the Commissioner of Internal Revenue issued to the petitioner a certificate of overassessment showing a net overassessment for the year 1920 of $21,020.76. On April 7, 1927, the sum of $30,754.22 was collected by a warrant of distraint issued by the collector. This represented the amount remaining due, with interest. Subsequently, the sum of $3,072.35 was refunded on a claim for refund filed December 31, 1928. On April 4, 1931, the petitioner filed a claim for refund for taxes for the year 1920, on the ground that

the right to collect these taxes was barred by the statute of limitations at the time they were collected. This was disallowed by the Commissioner on January 22, 1932.

In view of the provisions of the second waiver, it is apparent that the decision of this case turns upon the validity of the first waiver. In October, 1925, when the first waiver was given, the applicable statute of limitations was section 277 (a) (2) of the Revenue Act of 1924 (43 Stat. 299) which limited both assessment and collection to a period of five years after the filing of the return. The statute of limitations, independent of the waivers, therefore, became a bar in July, 1925. At that time, however, it was the position of the Commissioner that section 278 (d) of the Revenue Act of 1924 permitted proceedings for collection for a period of six years after assessment. The question was not finally settled until 1929, when the Supreme Court, in Russell v. United States, 278 U.S. 181, 49 S.Ct. 121, 73 L.Ed. 255, decided that section 278 (d) was not applicable to cases like the one now before the court, in which an assessment was made prior to the passage of the Revenue Act of 1924. Taking into consideration all the evidence, including the state of the law at the time in question, I find that the petitioner did not know when it signed this waiver that the statute of limitations had already run on the liability in question, and did not have in mind the waiver of any statute of limitations which had already run in its favor.

The petitioner urges that the effect of the waiver of October 2, 1925, was only to waive the provisions of section 278 (d) of the Revenue Act of 1924, and that if in fact the waiver amounts to a general waiver of any statute of limitations it was executed under a mutual mistake as to the rights of the petitioner at that time under the statutes then in force.

As to the petitioner's first contention, the language employed is too clear to leave room for doubt. The waiver provides that "the said taxpayer hereby waives any period of limitation as to the time within which distraint or a proceeding in court may be begun for the collection of the tax. * * *" This language is broad enough to cover the present situation, regardless of the earlier reference to section 278 (d) of the Revenue Act of 1924.

The question whether the waiver of October 2, 1925, is to be avoided as given under a mutual mistake as to the applicable statute of limitations presents more difficulty. That a waiver given in 1925, after the expiration of the statute of limitations, may still be valid, is now well settled. McDonnell v. United States, 288 U.S. 420, 53 S.Ct. 410, 77 L.Ed. 869; Burnet v. Chicago Railway.Equipment Company, 282 U.S. 295, 51 S.Ct. 137, 75 L.Ed. 349; Brown & Sons Lumber Co. v. Burnet, 282 U.S. 283, 51 S. Ct. 140, 75 L.Ed. 343; Stange v. United States, 282 U.S. 270, 51 S.Ct. 145, 75 L.Ed. 335. These cases apply to waivers given prior to the Act of 1926. The same thing has been held to be true as to waivers filed under the 1926 Act (44 Stat. 9) and up. to and including January 1, 1929, although the situation is more complicated. See Helvering v. Newport Company, 291 'U.S. 485, 54 S.Ct. 480, 78 L.Ed. 929. Such waivers given subsequent to this date are invalid as a result of specific provisions of the applicable acts.

At the time this waiver was given, however, neither the taxpayer nor the Commissioner believed the statute of limitations had run on the taxes in question. Without going into the question whether relief against the effect of a waiver, alleged to have been executed under mistake, may be given in a proceeding at law against the government to recover taxes, I think no such relief can be granted in the present case. While it is often laid down as a general rule that equity will not relieve against a mistake of law, Bank of United States v. Daniel, 12 Pet. 32, 9 L.Ed. 989, the rule is no doubt subject to exceptions. One such exception arises where an instrument is given under a mistake as to the antecedent rights of the parties. In such cases, it is said that equity may give relief, although that mistake be the result of ignorance of the most fundamental legal principles. Williston on Contracts, § 1589; Clifton Manufacturing Company v. United States (C.C.A.4th, 1935) 76 F.(2d) 577; Order of United Commercial Travelers of America v. McAdam (C.C.A.8th) 125 F. 358; Reggio v. Warren, 207 Mass. 525, 93 N.E. 805, 32 L.R.A.(N.S.) 340, 20 Ann. Cas. 1244; Renard v. Clink, 91 Mich. 1, 51 N.W. 692, 30 Am.St.Rep. 458. The present case probably falls within this exception. But a further qualification must be noted. The power to set aside an instrument because of mistake is based upon equitable principles, and is to be exercised only for the purpose of preventing unjust enrichment. Clifton Manufacturing Company v. United States, supra; Reggio v

Warren, supra. In the latter case it is said, 207 Mass. 525, at page 534, 93 N.E. 805, 807, 32 L.R.A.(N.S.) 340, 20 Ann.Cas. 1244: "So it has been said that the important question was not whether the mistake was one of law or of fact, but whether the particular mistake was such as a court of equity will correct, and this depends upon whether the case falls within the fundamental principle of equity that no one shall be allowed to enrich himself unjustly at the expense of another by reason of an innocent mistake of law or of fact entertained by both parties." Clifton Manufacturing Company v. United States, supra, held that, although a waiver had been executed under a mistake as to the effect of the statute of limitations, since it appeared that the tax was in fact due, no such unjust enrichment was shown as would warrant relief. In the present case, the petitioner has made no attempt to show that the same thing is not true here. It is a familiar principle that the Commissioner's computation is prima facie correct.

█ Certain other facts tend to support the conclusion that the petitioner cannot avoid the waiver in the present case. The question as to which a statute of limitations controlled was not finally settled until 1929. Under these circumstances, the Commissioner had the power, if not the duty, at the time this waiver was given, to make an immediate collection and to relegate the taxpayer to an action at law. This he did not do because of the execution of the waiver under consideration, but instead eventually granted a substantial abatement. Waivers given under these circumstances have generally been upheld. Burnet v. Chicago Railway Equipment Company, 282 U.S. 295, 51 S.Ct. 137, 75 L.Ed. 349; Fleitmann v. Burnet, 62 App.D.C. 90, 65 F.(2d) 178. In the Chicago Railway Equipment Company Case, while the element of mistake does not specifically appear, the other facts are such as to indicate that the waiver there under consideration was given under circumstances not materially different from the present.

In Hord v. United States (Ct.Cl.) 59 F.(2d) 125, a compromise was given under exactly the same circumstances, as regards the various statutes of limitations, as the waiver in the case at bar. The court refused to grant reformation. Staten Island Hygeia Ice & Cold Storage Company v. United States (C.C.A.2d, 1936) 85 F.(2d) 68, cited by the petitioner, and also involving a compromise, differs from the case

previously cited, in that there the compromise was executed after the decision in the Russell Case had been handed down and made available to tax officials. The court rests its conclusion on this distinction. Under such circumstances, an element of overreaching is found which is not to be seen in the present case. Panther Rubber Manufacturing Company v. Commissioner (C.C.A.) 45 F.(2d) 314, differs in that there it appears that the corporate officials did not know, when signing the waiver, the exact date of filing their return and relied upon erroneous statements of tax officials that the period had not expired.

The petitioner contends also that the waiver of October 2, 1925, is invalid because it was not approved in writing by the Commissioner. The various revenue acts, in referring to waivers, provide for the signature of both taxpayer and Commissioner. The following statutes may be pertinent: Section 278 (c) of the Revenue Act of 1924 (43 Stat. 300) provides: "Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon." A counterpart of this language appears in the Act of 1921, and in the later Acts. In addition, section 278 (e) of the Act of 1926 (44 Stat. 59) provides: "This section shall not * * * authorize the assessment of a tax or the collection thereof by distraint or by proceeding in court (1) if at the time of the enactment of this Act such assessment, distraint or proceeding was barred by the statutory period of limitation properly applicable thereto, unless prior to the enactment of this Act the Commissioner and the taxpayer agreed in writing thereto." Although the petitioner feels this last section is more emphatic than the others, I am of the opinion that all stand on the same footing.

There is a decided lack of uniformity in the cases on the question whether the signature of the Commissioner is essential to the validity of a waiver. The following cases hold that waivers must be signed by the Commissioner, or by somebody in his behalf, to be valid: Atlantic Mills of Rhode Island v. United States (Ct.Cl.1933) 3 F.Supp. 699; Commissioner v. United States Refractories Corporation (C.C.A.3d, 1933) 64 F.(2d) 69, (affirmed by an equally divided court, without opinion, in Helvering v. U. S. Refractories Corp., 290 U.S. 591, 54

S.Ct. 94, 78 L.Ed. 521). Other cases hold that the requirement of a signature by the Commissioner was inserted for administrative purposes only, and does not involve the validity of the waiver. John M. Parker Company v. Commissioner (C.C.A.5th, 1931) 49 F.(2d) 254; Commissioner v. Hind (C.C.A.9th, 1931) 52 F.(2d) 1075; McCarthy Co. v. Commissioner (C.C.A.9th, 1935) 80 F.(2d) 618.

■ In view of the affirmance of Commissioner v. United States Refractories Corporation, supra, by an equally divided court, and the indication in R. H. Stearns Company v. United States, 291 U.S. 54, 54 S.Ct. 325, 78 L.Ed. 647, that the question here involved remains undecided by the Supreme Court of the United States, a choice is left. In choosing, it is to be borne in mind that the Supreme Court has repeatedly indicated that a waiver is not a bilateral contract, or any other kind of a contract. It is essentially a unilateral relinquishment of a defense by a taxpayer, and the statutory requirement of a signature by the Commissioner was inserted to meet the exigencies of administration. Florsheim Bros. Drygoods Company, Ltd., v. United States, 280 U.S. 453, 50 S.Ct. 215, 74 L.Ed. 542; Stange v. United States, 282 U.S. 270, 51 S.Ct. 145, 75 L.Ed. 335; Aiken v. Burnet, 282 U.S. 277, 51 S.Ct. 148, 75 L.Ed. 339.

■ The cases holding that it is not essential to the effectiveness of a waiver that it shall be approved in writing by the Commissioner are followed.

The conclusion is that the waiver was valid, and judgment is to be entered for the respondent.

### Supplemental Memorandum.

Many of the petitioner's requests for special findings of fact have been granted by stating in the opinion about to be filed that the facts are as stipulated. It will be found that some other requests for special findings of fact are granted in the opinion which is about to be filed, to such extent as seems to me desirable for the purpose of presenting the questions of law to be decided.

As to the petitioner's first three requests for rulings of law, they are granted, as an inspection of the opinion about to be filed will disclose.

The fourth request is denied, for reasons appearing in the opinion.

The fifth request is denied as inapplicable to the facts found. See, also, Helvering v. South Penn Oil Company, 62 App.D.C. 373, 68 F.(2d) 420, 425.

The sixth request is denied, for reasons appearing in the opinion. The petitioner's undisclosed intention cannot affect his disclosed intention as evidenced by the written waiver.

The seventh request, to the effect that the waiver dated October 2, 1925, was not a contract, etc., is granted. See the opinion.

Request numbered 7-A is granted.

Request for ruling numbered 8, to the effect that the period of limitation which the taxpayer undertook to waive was the six-year period provided for in section 278 (d) of the existing Revenue Act, is denied for reasons which appear in the opinion.

Request for ruling numbered 9 is denied, because I do not understand that the Commissioner's written approval of the waiver was essential to its validity. See the opinion about to be filed.

Requests numbered 10 and 11 are denied, for reasons appearing in the opinion.

Request numbered 12, to the effect that the waiver of October 28, 1926, did not revive any right to collect the tax assessed upon the petitioner which is described in the waiver, if the collection of such tax was barred at the time of the giving of such waiver by a statute of limitations which had then run in favor of the taxpayer, is granted. In this connection, it should be stated, however, that I do not accept the petitioner's view as to the invalidity of the earlier waiver.

The thirteenth request states the law correctly, but, like request numbered 12, is inapplicable to the case here presented, for the reason that the collection of the tax was not barred when the October 28, 1926, waiver was filed. See the opinion.

The fourteenth request is granted.

Requests for rulings numbered 15 and 16 are denied, in so far as they are inconsistent with the opinion about to be filed.

The seventeenth request, to the effect that on the agreed facts the petition in this case was seasonably brought, is granted.

The eighteenth and nineteenth requests are denied, in so far as they are inconsistent with the opinion about to be filed.

Request numbered 20 is granted, because, as shown in the opinion, it has been found that there was no sufficient evidence to show that the Commissioner assented in writing to the waiver dated October 2, 1925.

672

Request numbered 21, which also refers to the matter of the Commissioner's consent in writing, is granted to the extent stated in the opinion, a copy of which has been handed to counsel, and which is about to be filed.

As to the respondent's requests for findings of fact and rulings of law, I see no occasion to do more than to file the opinion above referred to.

The petitioner's motion for judgment is denied, and the respondent's motion for judgment is granted.