# S. S. PIERCE CO. v. UNITED STATES.
## No. 3271.

Circuit Court of Appeals, First Circuit.

Dec. 8, 1937.

Harry LeBaron Sampson, of Boston, Mass. (Edwin A. Howes, of Boston, Mass., on the brief), for appellant.

Robert N. Anderson, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for the United States.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is an appeal by the plaintiff from a judgment in favor of the collector in a suit to recover income taxes paid for the fiscal year 1919-1920. The facts are as follows:

The appellant filed its return on July 15, 1920, showing taxes due amounting to $56,974.70, and taxes in this amount were duly assessed against it in December, 1920. No payment was made by the appellant with its return because it claimed a credit of more than the amount shown to be due on account of alleged overpayments in preceding years, a question which was then under consideration by the Commissioner. The whole matter appears to have lain in abeyance for about three years. In April, 1923, the collector imposed an additional tax of $5,502.90. This assessment was afterwards abated and does not figure in the present proceedings except as a possible cause for part of the delay in the settlement of the tax and in the collection of it.

In September, 1925, the collector served a forthwith demand for payment in the amount of $54,686.28. The difference from the amount shown on the return is not now material. On investigation it appeared that the appellant's claim for credit had not been acted on and was still pending. In this situation the appellant signed the first of its waivers which figure in these proceedings, dated October 2, 1925, and read-ing as follows:

"In order to enable the Bureau of Internal Revenue to give thorough considera-tion to any claims for abatement or credit filed by or on behalf of S. S. Pierce Com-pany of 69 Tremont Street, Boston, Mass., covering any income, excess-profits or war-profits tax assessed against the said tax-payer under the existing or prior Revenue Acts for the year ended Mar. 31, 1920, and to prevent the immediate institution of a proceeding for the collection of such tax prior to the expiration of the six year period of limitation after assessment with-in which a distraint or a proceeding in court may be begun for the collection of the tax, as provided in Section 278(d) of the existing Revenue Act, the said taxpayer hereby waives any period of limitation as to the time within which distraint or a proceeding in court may be begun for the collection of the tax, or any portion there-of, assessed for the said year and hereby consents to the collection thereof by dis-traint or a proceeding in court begun at any time prior to the expiration of this waiver.

"This waiver is in effect from the date it is signed and will remain in effect until December 31, 1926."

This waiver was signed by the ap-pellant, but not by the Commissioner or anybody in his behalf. In forwarding the waiver to the Commissioner the appellant stated:

" * * * we understand that the aforesaid demand for the payment of the tax will be withdrawn and that payment of the tax will not be enforced by you at the present time."

The demand for immediate payment was withdrawn and the whole matter stood over pending decision on the appellant's claims for credit.

At the time when the collector's demand was served in September, 1925, and when the waiver was given, the collection of the tax was barred by the five-year provision in the 1921 act, § 250(d) 42 Stat. 264. Neither the collector nor the appellant un-derstood at that time that this was so; both mistakenly supposed that the collec-tion of the tax was governed by the six-year limitation in the act of 1924, § 278 (d), 43 Stat. 299. The question was not settled until the decision in Russell v. United States, 278 U.S. 181, 49 S.Ct. 121, 73 L.Ed. 255, in 1929.

The claims for credit were still un-determined when the 1925 waiver was about to expire, and another waiver was given as follows:

"Tax Collection Waiver
"October 28, 1926.

"It is hereby agreed by and between S. S. Pierce Co. of 69 Tremont St., Boston, Mass., party of the first part, and the Commissioner of Internal Revenue, party of the second part, that the amount of $54,686.28, representing an assessment of income tax for the year(s) fiscal year ending March 31, 1920, made against the said party of the first part, appearing on the December, 1920 Supp. assessment list Dec. 400007, page ———, line ———, for the ——— district of Masssachusetts, may be collected (together with such interest, penalties, or other additions as are provided for by law) from said party of the first part by distraint or by a proceeding in court begun at any time prior to December 31, 1927, *provided, however, that the taxpayer does not waive, hereby any statute of limitations which has run heretofore in favor of the taxpayer."* (Italics supplied.)

This waiver, unlike the preceding one, was signed by both the appellant and the collector.

In March, 1927, the Commissioner finally determined the amount of the 1920 tax and also of the credit claims for overpayment of previous taxes. He issued an overassessment certificate for $21,020.75 and allowed other claims which reduced the amount of the tax to $22,610.63. This amount with interest was collected by distraint in April, 1927. Certain refunds of corrective character were afterwards made, and the general claim for refund which had also been made was disallowed on January 22, 1932. The Commissioner stated in connection therewith:

"The collection of the tax in your case was made well within the statutory period of limitation on collection as extended by waivers. Your additional and independent reason for refund of the tax has not been given consideration as the claim was not filed within the statutory period following the payment of the tax."

The present proceeding was then begun. It involves only the collection made by distraint in April, 1927.

A number of questions are presented: (I) Whether the waiver of October, 1925, was effective to extend the time for collection of the tax. The appellant contends that it was not, (a) because the waiver shows on its face that it was limited to the six-year provision of the 1924 act, while the tax was already barred by the 1921 act; (b) because the 1925 waiver, not being made until after the collection of the tax had been barred, was ineffective to revive liability for it; (c) because the waiver was not signed by the Commissioner as the statute provided and therefore amounted to nothing; (d) because it was given under a mistake of fact and was therefore not binding on the appellant, and the appellant is not estopped or prevented by equitable considerations from insisting on the ineffectiveness of the waiver. (II) That the 1926 waiver in its proviso expressly reserved rights under the 1921 statute and made illegal any collection of the tax after the 1925 waiver had expired. Certain subsidiary or allied questions are also involved..

As to the interpretation of the language of the 1925 waiver: The appellant urges that it referred only to the six-year limitation in the 1924 act and was not intended to extend the period of the 1921 act. While the waiver does refer to the six-year period and the 1924 act, its language is not limited to that statute. It says, "the taxpayer hereby waives *any period of limitation* as to the time within which distraint or proceeding in Court may be begun," etc. (Italics supplied.) Owing to the unilateral character of a waiver and the emphasis which is placed on knowledge and intention in construing them, this contention cannot be regarded as free from doubt. Nevertheless definite unambiguous statements in written waivers, made for the purpose of obtaining action favorable to the maker and on which such action is obtained, must be given effect. We agree with the District Judge in thinking that the language of this waiver is too definite to be ignored or varied by construction, that it is not limited to the 1924 act and included rights under the 1921 act as well. Nor was the 1925 waiver ineffective because made after collection of the tax had become barred by the expiration of the period of limitation. Stange v. United States, 282 U.S. 270, 51 S.Ct. 145, 75 L.Ed. 335; McDonnell v. United States, 288 U.S. 420, 53 S.Ct. 410, 77 L.Ed. 869; Clifton Mfg. Co. v. United States, 4 Cir., 76 F.2d 577, 579.

We see no escape, however, from the conclusion that the Commissioner's failure to assent to it in writing rendered it ineffective. Under the Act of 1921, § 250 (d), 42 Stat. 264, this tax became barred

602

"five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax." The 1924 act did not authorize the collection of taxes assessed under preceding acts which had become barred by limitation. Act of 1924, § 278(e), 43 Stat. 299. The act of 1926 which was in force at the time of the collection provided that, where the assessment of the tax had been seasonable (as it was in this case), it might be collected by distraint or other proceedings begun prior to the expiration "of any period for collection agreed upon in writing by the Commissioner and the taxpayer." Act 1926, § 278(d), 44 Stat. 59. Subsection 278(e) of this act provided:

"(e) This section shall not bar a distraint or proceeding in court begun before the enactment of the Revenue Act of 1924; nor shall it authorize the assessment of a tax or the collection thereof by distraint or by proceeding in court (1) if at the time of the enactment of this Act such assessment, distraint or proceeding was barred by the statutory period of limitation properly applicable thereto, unless prior to the enactment of this Act the Commissioner and the taxpayer agreed in writing thereto, or (2) contrary to the provisions of subdivision (a) of section 274 of this Act."

■ It thus appears that the acts of 1921 and 1926 made a waiver assented to in writing by the Commissioner a condition precedent to the right to collect an outlawed tax. The probable reasons for this requirement are stated in Atlantic Mills v. United States, 3 F.Supp. 699, Ct.Cl., in which the government itself contended that such a waiver was ineffective if not signed by the Commissioner and was upheld in this contention. To the same effect Commissioner v. United States Refractories Corp., 3 Cir., 64 F.2d 69, affirmed by an equally divided court Helvering v. United States Refractories Corp., 290 U.S. 591, 54 S.Ct. 94, 78 L.Ed. 521. In Stearns Co. v. United States, 291 U.S. 54, 54 S.Ct. 325, 78 L.Ed. 647, it was assumed that waivers to be valid under these statutes must be assented to in writing by the Commissioner. In Commissioner v. Hind, 9 Cir., 52 F.2d 1075, it was held that waivers were valid, though not assented to in writing by the Commissioner, on the ground that this provision was not inserted for the benefit of the taxpayer but was merely a direction concerning bureau practice. See, too, Parker Co. v. Commissioner, 5 Cir., 49 F.2d 254; McCarthy Co. v. Commissioner, 9 Cir., 80 F.2d 618; Crown Willamette Paper Co. v. McLaughlin, 9 Cir., 81 F.2d 365.

As many cases indicate, the Commissioner's office was working under great difficulties at this period with great arrears of work under the war taxing statutes and other complicated matters before it. There may have been very sound reasons, as the Court of Claims in Atlantic Mills v. United States, supra, suggests, for requiring the Commissioner's assent to waivers in order to give them validity, and the provision may have been much more than a merely directory one to the Bureau. As has been said, the government contended in the Atlantic Mills Case that waivers not assented to by the Commissioner were ineffective, and was sustained in its contention, thereby depriving the taxpayers in that and presumably other similar cases of substantial rights. We think the affirmance of the U. S. Refractories Corp. Case, though by a divided court, must be taken as establishing the practice on this point. Change of the law in such matters,—especially where the change rests on repudiation by the government of a position which it had previously taken and in which it had been sustained by the courts,—always works injustice and should not be made without strong reasons therefor.

■ The government insists that, even if the 1925 waiver was ineffective because not assented to in writing by the Commissioner, the appellant is estopped from raising this point because it was not mentioned in the claim for refund. The claim was filed on April 4, 1931; it claimed a refund of the entire amount in question. It stated: "No * * * suit or proceeding for the collection of the tax upon the income and profits of the taxpayer for the period covered by said return was begun during the five years immediately following said July 15, 1920, and during said period no waiver of the statute of limitations was signed by the taxpayer *and no consent given to extend the time within which suit or proceeding for the collection of such tax might be begun.*" (Italics supplied.) It recited the giving of the waivers which have been referred to and contended "that neither of these two documents above referred to operated as a waiver of consent to the collection of said tax for the following reasons." The reasons given did

not include the Commissioner's failure to sign the waiver.

It is settled that a claim for refund must have been filed in order to maintain a suit of this character, and that the Treasury regulation, requiring that "all the facts relied upon in support of the claim should be clearly set forth under oath," is reasonable. United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 51 S.Ct. 376, 377, 75 L.Ed. 1025. In that case recovery was denied because the ground on which it had been allowed by the Court of Claims was not stated in the claim for refund. In a later case it was pointed out that: "The line of division must be kept a sharp one between the function of a statute requiring the presentation of a claim within a given period of time, and the function of a regulation making provision as to form." Cardozo, J., United States v. Memphis Cotton Oil Co., 288 U.S. 62, 71, 53 S.Ct. 278, 281, 77 L.Ed. 619. Very general claims for refund have been held sufficient under the statute. United States v. Henry Prentiss & Co., Inc., 288 U.S. 73, 53 S.Ct. 283, 77 L.Ed. 626. The Commissioner's failure to assent in writing to the waiver was a matter which lay within the Bureau's records and of which it had knowledge. There is no evidence that the appellant was aware of this fact at any time before the hearings. The present case is very different in this respect from those relied on by the government. The claim for refund asserted in general terms that "no consent (had been) given to extend the time within which suit or proceeding for the collection of such tax might be begun." We think it would be pushing the Regulations too far to hold that this point is not open to the appellant because not included in the specific objections to the waivers.

The final question is whether the appellant is estopped to assert the invalidity of the 1925 waiver. The government argues that the Commissioner relied on it and refrained from proceeding to collect in full the December, 1920, assessment; that the delay due to the waivers enabled him to make a thorough examination of the appellant's claims for credits due to overpayment in previous years, as a result of which he made a large reduction in the December, 1920, assessment; and that the appellant, having obtained this benefit by giving the 1925 waiver, cannot now be allowed to repudiate it. In ordinary circumstances we think this contention would be well founded and that a party who had obtained such substantial advantage by giving the waiver would not be heard to disavow it. Here, however, the circumstance which invalidated it was the Commissioner's omission to assent to it in writing, as the statute required. The reason for his omission, whether intentional or accidental, does not appear in the record. If the Commissioner chooses to rely on a waiver which by his own act was incomplete, we see no ground estopping the appellant from setting up the invalidity.

As the 1925 waiver was ineffective, the statute of limitations was not extended by it, and the proviso of the 1926 waiver prevents that waiver from taking effect. The result is that the collection was barred by limitation and should be refunded. It is unnecessary to go into the question whether the waiver was invalid for mutual mistake, and into the other points raised.

The judgment of the District Court is reversed and the cause is remanded to that court for further proceedings not inconsistent with this opinion.