## UNITED STATES v. BERTELSEN & PETERSEN ENGINEERING CO.

### No. 3243.

Circuit Court of Appeals, First Circuit.

March 18, 1938.

868

Loring W. Post, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Kelley, and F. A. Michels, Sp. Assts. to Atty. Gen., on the brief) for the United States.

O. Walker Taylor and Ray Henry, both of Boston, Mass., for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an action by a taxpayer to recover the sum of $34,555.68 with interest as a part of an overpayment of $91,570.34 for income and excess profits taxes for the year 1917, which overpayment had been allowed by the Commissioner.

On July 27, 1926, the Commissioner assessed a deficiency tax against the plaintiff of $34,555.68 for the year 1918, and under section 284 of the Revenue Act of 1926, 44 Stat. 66, credited against such deficiency assessment the above amount, being a part of the overpayment already allowed for the 1917 taxes. The plaintiff contends that the deficiency assessment made on July 27, 1926, was unauthorized and unlawful, and that it is entitled to recover the above sum, being a balance of the overpayment of the 1917 taxes, which had

been allowed by the Commissioner. The case was heard by the District Court.

While this case had previously been before this court on appeal and was remanded to the District Court for further proceedings in accordance with the opinion of this court, 60 F.2d 745, the question of the jurisdiction of the District Court is raised by the government for the first time in this court under its present assignment of errors.

■ We think there is no merit in the government's contention. Its contention is based on section 24(5), and (20), as amended, of the Judicial Code, 28 U.S.C.A. § 41(5, 20). Subsection (20) of section 24 provides that District Courts have concurrent jurisdiction with the Court of Claims of all claims against the United States, where the amount in controversy is not in excess of $10,000; and also of any suit or proceeding commenced after the passage of the Revenue Act of 1921, 42 Stat. 227, for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws in excess of $10,000, if the collector of internal revenue by whom such tax or sum was collected is dead, or was not in office as collector of internal revenue at the time such suit or proceeding was commenced. United States v. Piedmont Mfg. Co., 4 Cir., 89 F.2d 296, 300; United States v. Reeves Bros. Co., 6 Cir., 83 F.2d 121, 122.

It is admitted that the collector who collected the 1917 tax was, at the time of the filing of this petition in 1929, either dead or out of office. The government contends that this action is governed by section 3226, Rev.St., 26 U.S.C.A. §§ 1672–1673 note, but we think in the last analysis it is based on a claim for a balance of the overpayment for the 1917 tax and not for an illegal collection of a 1918 tax. The District Court so held. The government's contention on this point is without merit. United States v. Piedmont Mfg. Co., supra, 89 F.2d 296, at page 300.

The other assignments of error by the government raise the question of whether a "fifth waiver" filed with the Bureau in December, 1925, was effective to extend the time for assessing the 1918 tax to December 31, 1926; and whether the judgment is supported by the findings of fact by the District Court.

The District Court in its opinion under a heading, "Findings of Fact," found that four waivers previous to that of December, 1925, had been filed with the Bureau, which extended the time for assessing the taxes for 1918 to February 27, 1926. Whether or not these findings can be considered special findings within the meaning of section 700, Rev.St., 28 U.S.C.A. § 875, no exception was taken thereto and no question of law is raised before this court as to the sufficiency of the evidence to support them.

Therefore, to sustain the validity of the deficiency tax which was assessed on July 27, 1926, the waiver filed in December, 1925, must be held to be a valid waiver. Section 278(c) of the Revenue Act of 1924, 43 Stat. 300, requires that both the taxpayer and the Commissioner consent in writing to any assessment of a tax after the period prescribed in section 277 of the 1924 act, 43 Stat. 299.

It is agreed that the fifth waiver filed in December, 1925, was not signed by the Commissioner. While there is some difference in the decided cases as to whether the signature of the Commissioner is essential to the validity of a waiver, it has been so held in the case of Commissioner v. United States Ref. Corp., 3 Cir., 64 F. 2d 69, which was affirmed by an equally divided court in Helvering v. U. S. Ref. Corp., 290 U.S. 591, 54 S.Ct. 94, 78 L.Ed. 521; and again in the case of S. S. Pierce Company v. United States, 1 Cir., 93 F.2d 599, it was decided by this court on December 8, 1937, that the signature of the Commissioner, in some form, assenting to a waiver by a taxpayer was essential to its validity.

In R. H. Stearns Co. v. United States, 291 U.S. 54, 54 S.Ct. 325, 78 L.Ed. 647, while it was recognized that the assent of the Commissioner must be indicated in writing in some manner, it was held that his assent might be inferred from a notation on the official schedule of assessments signed by the Commissioner on which appeared a notation specifically referring to and identifying the waiver in that case.

The District Court in its opinion under a heading "Conclusions" found that there was no such notation in this case that could be found to refer to the fifth waiver. This finding was clearly a general finding of fact, or a mixed question of law and fact to which no exception was taken by the government. The evidence on which it was based cannot be reviewed in this court. Fleischmann Co. v. United States, 270 U.S. 349, 355, 356, 46 S.Ct. 284, 287, 70 L.Ed. 624.

No exceptions were taken to any rulings by the District Court during the progress of the trial, except as to the admission of evidence, which are not included in the government's assignments of error. Exceptions contained in a bill of exceptions filed long after the case is heard and judgment rendered do not relate back to the trial. Fleischmann Co. v. United States, supra; United States v. Smith, 1 Cir., 39 F.2d 851, 854; Arthur C. Harvey Co. v. Malley, 1 Cir., 60 F.2d 97, affirmed 288 U.S. 415, 53 S.Ct. 426, 77 L.Ed. 866.

In Fleischmann Co. v. United States, supra, the court said:

"It is settled by repeated decisions, that in the absence of special findings, the general finding of the court is conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions, as required by the statute. [Citing cases.] To obtain a review by an appellate court of the conclusions of law a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them. * * * That is, * * * 'he should request special findings of fact by the court, framed like a special verdict of a jury, and then reserve his exceptions to those special findings, if he deems them not to be sustained by any evidence; and if he wishes to except to the conclusions of law drawn by the court from the facts found he should have them separately stated and excepted to. In this way, and in this way only, is it possible for him to review completely the action of the court below upon the merits.'"

An examination of the record and the opinion of the District Court clearly discloses that the findings of fact contained in its opinion, whether intended as special findings of fact under section 700, Rev.St., 28 U.S.C.A. § 875, are not findings of all the ultimate facts from which the judgment can be said to follow as a matter of law; therefore an exception to the denial of a motion for judgment would raise no question of law in this court. Wilson v. Merchants' Loan & Trust Co. of Chicago, 183

U.S. 121, 126, 127, 22 S.Ct. 55, 46 L.Ed. 113.

■■ The motion of the defendant that a judgment for the plaintiff, if rendered, should not exceed $44.07, cannot be sustained as a motion for a judgment for the defendant. There was no evidence before the District Court at the second hearing on which such a judgment could be found. Therefore an exception taken to the denial thereof raises no question of law for this court.

The motion was evidently based on the finding of the District Court at the prior trial that an error had been made in the computation of interest. At the second trial it was stipulated, if judgment was found for the plaintiff for the amount sued for, how the interest should be computed.

■ Except on the issue of jurisdiction of the subject matter, which is always open and may be raised at any stage of the proceedings, the defendant has failed to take the proper steps in this case to raise questions of law before this court. Fleischmann Co. v. United States, supra, 270 U.S. 349, at page 356, 46 S.Ct. 284, 287, 70 L.Ed. 624.

The judgment of the District Court is affirmed.