UNITED STATES of America, Plaintiff,

v.

Carl L. WHITE, Sr. et al., Defendants.

No. PB–64–C–11.

United States District Court
E. D. Arkansas,
Pine Bluff Division.

Dec. 16, 1964.

not that of the trial judge (for example, N. T. 199 & 200).

Raymond L. McGuire, Atty., Tax Division, Dept. of Justice, Washington, D. C., Robert D. Smith, Jr., U. S. Atty., E. D. Arkansas, Little Rock, Ark., for plaintiff.

J. Gaston Williamson, Little Rock, Ark., for defendant.

HENLEY, Chief Judge.

This is an equitable action brought by the United States, pursuant to sections 7402(a) and 7403 of the Internal Revenue Code of 1954, 26 U.S.C.A., §§ 7402 (a) and 7403, for the purpose of collecting federal income taxes and interest, to set aside allegedly fraudulent conveyances of real estate, and to subject certain properties to the payment of the income tax and interest involved. It is alleged and admitted that the institution of the action was requested and authorized by the Commissioner of Internal Revenue, a delegate of the Secretary of the Treasury, and that the action is brought at the direction of the Attorney General of the United States.

The defendants are Carl L. White, Sr., a citizen of Arkansas, and the original taxpayer; his son and his son's wife; The Eudora Bank, an Arkansas banking institution; Joanne White McBride, Individually and as Guardian of the person and estate of Robert Earl McBride, a minor; the Breece-White Manufacturing Co., Inc., a dissolved Arkansas corporation, and its statutory trustees in dissolution. The land sought to be reached by the Government is located in Chicot County, Arkansas.

The original complaint was filed on February 28, 1964, and the Government's first amended complaint was filed on March 17 of this year. All of the defendants in due course filed answers directed to the first amended complaint.

On June 9, 1964, the Government filed a motion for partial summary judgment seeking an adjudication that Carl L. White, Sr., is liable personally to the Government in the sum of $74,134.82 on account of an alleged income tax deficiency for calendar year 1951 plus accrued interest thereon. When the suit was filed, the accrued interest amounted to $12,736.96.

In resisting the motion the defendants do not deny that from a substantive standpoint Mr. White is indebted to the Government in the sums just mentioned. Defendants take the position, however, that this action is barred as to all of them by the six year statute of limitations, 26 U.S.C.A., § 6502(a).[1] By way of reply the Government asserts that although the original assessment was made in 1955, the running of the statute was tolled or suspended by virtue of an agree-

---

1. "Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—
   (1) within 6 years after the assessment of the tax, or

(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary or his delegate and the taxpayer before the expiration of such 6-year period * * *.
The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon."

ment between Mr. White and the Commissioner of Internal Revenue for a period of three years, one month, and twelve days, and that the suit was filed within the extended limitations period.

While, as stated, the defendants assert affirmatively that the action is barred, they do not contend that the record establishes the bar as a matter of law, and they have filed no cross-motion for summary judgment. The Government's motion, therefore, is the only one before the Court. It has been submitted on the pleadings, documentary evidence, and memorandum briefs.

Up to a point the controlling facts are not in dispute. When the Commissioner proposed a deficiency with respect to Mr. White's 1951 income tax, the latter took the case to the Tax Court of the United States. In December 1954 the taxpayer and the Government entered into a stipulation before the Tax Court fixing the 1951 deficiency of Mr. White in the principal sum of $74,134.82, and a Tax Court decision pursuant to the stipulation was entered on December 27, 1954. The defendants are not presently making any attempt to collaterally attack the Tax Court's decision in this action, and concede that they are bound by it.[2]

On January 31, 1955, the Commissioner formally assessed against Mr. White the deficiency above mentioned, plus interest, and the six year period of limitations began to run in Mr. White's favor. That period, unless suspended, would have expired on January 31, 1961.

However, under date of May 20, 1955, Mr. White submitted an offer in compromise to the Commissioner on IRS Form 656. That form appears to have been received at the Little Rock office of the District Director of Internal Revenue on May 31, 1955. The form submitted stipulated that the taxpayer waived the benefit of any statute of limitations applicable to the assessment or collection of the liability sought to be compromised and agreed "to the suspension of the running of the statute of limitations on assessment and/or collection for the period during which offer is pending and for one year thereafter."

The form also contained the following provision: "Waiver of statutory period of limitations is hereby accepted, and the offer will be considered and acted upon in due course." That provision bears the facsimile signature of T. Coleman Andrews, the then Commissioner of Internal Revenue, and the actual signature of John S. Lea who at that time was the Acting District Director of Internal Revenue at Little Rock. The "acceptance" of taxpayer's waiver and agreement is not dated, and thereon hangs the controversy relative to limitations.

It is the position of the Government that the statute was suspended immediately upon the submission of the offer in compromise on May 31, 1955; that the offer was not finally rejected until July 12, 1957; and that the statute was suspended until that date and for one year thereafter, and did not begin to run again until July 12, 1958. According to the Government's calculation the statute would not have run finally until March 12, 1964, and, as stated, this suit was filed in February of 1964.

The defendants contend on the other hand that the running of the statute was not suspended until the District Director, as the Commissioner's delegate, actually signed the IRS Form 656 submitted by Mr. White. Defendants assert that they will or may be in a position to prove that a substantial period of time elapsed before the Director signed the form; and it is the position of the defendants that if more than twelve days elapsed before the Director affixed his signature, thus accepting the taxpayer's waiver and

2. In their original pleadings the defendants did allege that the deficiency was erroneously determined and assessed, but that contention was abandoned in their brief in opposition to the Government's motion.

agreement, the action was barred when the suit was filed on February 28 of the current year.

■ In passing upon the instant motion the Court is governed by the well established principles which are applicable to motions for summary judgment in general. Those principles are so familiar as to require no detailed restatement. It is sufficient to say that the Court is required to approach the problem in this case from the standpoint most favorable to the defendants, and that the motion should not be granted unless the Court is convinced beyond a reasonable doubt that the Government is entitled as a matter of law to an in personam judgment against Mr. White. The Court is not so convinced.

As has been shown, the Form 656 before the Court does not indicate the date on which the Director actually signed it, and that date cannot be ascertained from any of the material now of record in the case. In such circumstances the Government is not entitled to have the plea of limitations rejected at this time unless it can be said either that the signature of the Director was unnecessary to bring about a suspension of the statute, or that, if such signature was necessary, the actual date thereof is immaterial.

■ Assuming that the signature of the Director was necessary to suspend the statute, the Court is certainly not prepared to say as a matter of law, at least at this time, that the actual date of the signature is immaterial. As to the necessity for the signature, the authorities appear to be divided. As pointed out by counsel for the defendants the Courts of Appeals of the First and Third Circuits have held that a waiver such as we have in this case is not effective unless signed by the Commissioner or his delegate, United States v. Bertelsen &

Petersen Engineering Co., 1 Cir., 95 F.2d 867; S. S. Pierce Co. v. United States, 1 Cir., 93 F.2d 599; Commissioner of Internal Revenue v. United States Refractories Corporation, 3 Cir., 64 F.2d 69; [3] on the other hand, as counsel also states, the Courts of Appeals for the Fifth and Ninth Circuits have taken the contrary view, Myrick v. United States, 5 Cir., 296 F.2d 312; Holbrook v. United States, 9 Cir., 284 F.2d 747; Shambaugh v. Scofield, 5 Cir., 132 F.2d 345; McCarthy Co. v. Commissioner of Internal Revenue, 9 Cir., 80 F.2d 618; and Commissioner of Internal Revenue v. Hind, 9 Cir., 52 F.2d 1075. The Court of Appeals for this Circuit does not appear to have considered the question.

Arguments in support of both of the conflicting views above mentioned are not lacking, but there will be no occasion for the Court to make a choice between them unless it appears ultimately from a factual standpoint that the Director did not sign the Form 656 until more than twelve days after it was received in his office. In the absence of any evidence as to the date of the signature, defendants may be confronted with a presumption that the Director signed the form on the same day it was received in his office, and defendants may not be able to rebut such a presumption, if there is one. But, in any event, the Court holds that defendants are entitled to undertake to make a factual showing which may sustain their plea of limitations.

An order denying the motion will be entered. As to the future progress of the case, counsel might give consideration to submitting the evidence bearing on the question of limitations in advance of any hearing on the merits. Should the plea of limitations be sustained, other issues between the parties will probably not survive.

---

3. That case was affirmed by the Supreme Court of the United States, 290 U.S. 591, 54 S.Ct. 94, 78 L.Ed. 521, but by an equally divided court and without formal opinion. Counsel for the defendants does not appear to urge the Court to consider that action of the Supreme Court as being binding authority.