## ATLANTIC MILLS OF RHODE ISLAND v. UNITED STATES.
### No. M–229.

Court of Claims.
June 5, 1933.

700

Lyle T. Alverson, of New York City (Johnson & Shores, of New York City, on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiff instituted this suit within six years after the delivery to it of the certificate of overassessment showing the overpayment for 1918 and the application of $137,005.64 thereof as a credit against that amount of an additional assessment due for 1917. The petition is in two counts. Count 1 seeks to recover the overpayment for 1918,

and count 2 seeks to recover the same amount as an unlawful collection for 1917.

■ Plaintiff contends that the unlimited waivers for 1917 executed by it on January 21, 1921, and February 26, 1921, and thereafter filed with the Commissioner and approved and signed by him February 9, 1923, expired on December 31, 1923, and were not effective after that date under another document entitled "Income and Profits Tax Waiver" executed by plaintiff February 9, 1923, and thereafter filed with the Commissioner on a date not shown by the record. Finding 3. In other words, it is the position of the plaintiff, first, that it had the right to fix the termination date of the unlimited waivers, and that it did so in the last waiver executed by it February 9, 1923, and that the Commissioner's ruling and notice published April 11, 1923, that unlimited waivers on file in the Bureau for 1917 would expire April 1, 1924, was ineffective in this case, for the reason that plaintiff had already specified an earlier date on which such waivers would expire; and, second, that the last document executed by it February 9, 1923, was a valid and effective waiver under the statute with respect to 1917, notwithstanding it was not approved or signed by the Commissioner or by any one on his behalf.

We cannot sustain these contentions of the plaintiff. The document relied upon by plaintiff in support of these contentions, executed on February 9, 1923, is not susceptible of the construction that it was a notice to the Commissioner that the waivers theretofore duly executed and filed with the Commissioner and approved and signed by him February 9, 1923, would terminate on December 31, 1923.

By its plain terms this document was clearly intended as a consent in writing by the taxpayer and the Commissioner with respect to 1917, and it was executed and filed with the Commissioner with that purpose in mind and with the view that it would be approved and signed by the Commissioner as a waiver contemplated by the statute rather than as a notice that the consents theretofore filed and approved would terminate and become ineffective after December 31, 1923. The language of the document shows that it was intended as a waiver rather than as a notice, in that it stated "this waiver shall not be effective after December 31, 1923," and, further, that "this waiver shall not be effective unless all taxes for 1918 and 1919 shall be assessed, determined, and collected at December 31, 1923." If it could be held effec-

tive as a termination of the prior waivers, the termination date specified was conditioned upon the determination, assessment, and collection of all taxes for 1918 and 1919 on or before December 31, 1923, which was not done. In other words, one of the conditions of the instrument was that it would not be effective for any purpose unless the taxes for 1918 and 1919 were determined, assessed, and collected at December 31, 1923.

■ We cannot agree with the contention of plaintiff that the document executed by it on February 9, 1923, and thereafter filed with the Commissioner, was valid and effective as a consent in writing, although not approved or signed by the Commissioner; and that "it is well settled that the signature or approval of the Commissioner is not necessary to the validity of a waiver." The statute requires a "consent in writing" by the taxpayer and the Commissioner, and, unless it is shown that the Commissioner has indicated his approval or consent in writing in some way, a document signed by the taxpayer alone is not effective as a consent in writing under the statute. Compare Sabin v. United States, 44 F.(2d) 70, 70 Ct. Cl. 574; Eclipse Lawn Mower Co. v. United States (Ct. Cl.) 1 F. Supp. 768.

Although the consent in writing contemplated by the statute is not a contract and the Commissioner's consent is for administrative purposes, we think the case of Stange v. United States, 282 U. S. 270, 51 S. Ct. 145, 75 L. Ed. 335, is authority for the position that the consent, to be effective, must be approved by the Commissioner in writing. The "administrative purposes," which require the Commissioner's approval in writing of the consent, are that cases may be handled by the Commissioner's deputies and agents in an orderly manner, and that all agents and representatives of the Commissioner in the Bureau of Internal Revenue may be guided and protected in the handling of cases through the various processes in the Bureau until assessment and collection. If it were otherwise, this case illustrates the difficulties that would likely arise in the administration of the tax law. Waivers could be executed and filed by taxpayers upon all kinds of terms and conditions, and no one in the department would know whether or not they could be relied upon. The result would be that, instead of the Commissioner being the judge as to whether there might be a valid determination beyond the statutory period of limitation, this question would be determined by many different persons, depending upon who

was handling the case. There would be no uniformity, confusion would result, and difficulties in the orderly administration of the taxing statutes would constantly arise. We are of opinion that the Commissioner's consent to the waiver must be evidenced in writing, and, in view of what we have said above, we are unable to concur in the decision of the court in Commissioner of Internal Revenue v. Hind (C. C. A.) 52 F.(2d) 1075, that the Commissioner's acceptance in writing of the waiver is not necessary to its validity.

With respect to the second contention of plaintiff, it appears that, upon the assessment of the additional tax for 1917 on March 10, 1924, the plaintiff on March 26, 1924, within ten days after notice and demand by the collector, filed a claim for abatement of the entire additional assessment, and collection of the tax was thereby stayed. For this reason the defendant contends that under section 611 of the Revenue Act of 1928 (26 USCA § 2611) recovery of the overpayment credited against the 1917 tax cannot be had on the ground that collection of the 1917 tax was barred when the credit was allowed and made November 25, 1925.

█ Plaintiff insists that the defense available to the United States under section 611 cannot be availed of in an action grounded upon an account stated evidenced by an allowance of an overpayment by the Commissioner and the delivery of a certificate of overassessment. We are of opinion, however, that this position is not well taken, and that the opinion in the case of Bonwit Teller & Co. v. United States, 283 U. S. 258, 51 S. Ct. 395, 75 L. Ed. 1018, cannot be taken as authority for the proposition advanced by plaintiff. All that the court decided in the Bonwit Teller & Co. Case was that, where there had been an allowance of an overpay-

ment and delivery of a certificate of assessment, the statute of limitation of two years for the bringing of suits in cases where a claim for refund had been disallowed did not apply. The case of Graham & Foster v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415, lays down the rule that section 611 is a complete defense to the recovery of any amount collected as a tax, whether as interest, penalty, or other additions to the tax where the particular taxpayer filed a claim in abatement and collection was stayed, and that the section is also applicable where the amount was collected by credit. The right of plaintiff to recover that portion of the overpayment for 1918 sued for depends entirely upon whether collection of the tax for 1917 by credit or otherwise was barred by the statute of limitation on November 25, 1925. The period of five years provided by the Revenue Act of 1924 (§ 277, 26 USCA § 1057 note) and prior Revenue Acts for the collection of any amount in respect of the tax for 1917, as extended by the consents in writing entered into by the plaintiff and the Commissioner, had expired at the time the 1917 tax was collected by credit, but this credit was not void under section 609 of the Revenue Act of 1928 (26 USCA § 2609), and the provisions of section 611 (26 USCA § 2611) are applicable.

Plaintiff is not entitled to recover, and the petition is dismissed. It is so ordered.

WHALEY and WILLIAMS, Judges, concur.

GREEN, Judge, concurs in the result.

BOOTH, Chief Justice, did not hear this case on account of illness, and took no part in its decision.