**Cy GIRARD, Sam R. Girard, Herbert A. Girard, as Executors of the Estate of Frank Goldberg, deceased, and Sadie P. Goldberg, Plaintiffs,**

v.

**Edwin GILL, formerly Collector of Internal Revenue, Defendant.**

Civ. No. 915–G.

United States District Court
M. D. North Carolina,
Greensboro Division.

July 24, 1956.

Heyman, Abram & Young, Charles F. Wittenstein, Atlanta, Ga., for plaintiff.

Edwin M. Stanley, U. S. Atty., Greensboro, N. C., for defendant.

HAYES, District Judge.

The plaintiffs have moved for a summary judgment on the basis of the pleadings, the admissions and stipulations and the defendant has also moved for summary judgment.

The plaintiffs, executors of Frank Goldberg and Sadie P. Goldberg, brought this action to recover $21,352.36 with interest from July 22, 1952 which they allege is income taxes exacted of the plaintiffs as additional taxes to those paid under the joint return of Frank Goldberg and Sadie Goldberg for the calendar year 1943. The plaintiffs contend that the tax was not levied or assessed prior to June 30, 1952 and that the Commissioner's right to assess said taxes was

barred by the Statute of limitations. The plaintiffs further allege that they had previously executed a consent in writing extending the period of limitations to June 30, 1952 but the plaintiffs also allege that the Commissioner did not accept the proposal and did not levy said tax prior to June 30, 1952.

The defendant admits that the Commissioner had no right to assess or levy said tax subsequent to June 30, 1952. But he contends that the Commissioner was authorized by the taxpayers to levy the tax any time prior to June 30, 1952 and that the Commissioner did accept the proposal on the 18th day of June, 1952 and that said assessment was made in list No. 17 dated June 30, 1952. The defendant further pleads an estoppel against repudiation of the written proposal extending the time for the assessment of taxes.

There are three of these actions to recover alleged erroneously assessed taxes involving Frank Goldberg, deceased, and corporations and partnerships in which he owned an interest, the court having disposed of 913 in another order and 914 is pending for trial.

Among other things it is stipulated that the assessment involved in this case was entered under the authority of the Acting Deputy Commissioner of Internal Revenue at Washington, D. C. under his assessment certificate dated June 30, 1952; that said assessment was made under the authority of Section 272(d) Internal Revenue Code of 1939, 26 U.S. C.A., and that no record appears of any issuance of any 90-day letter; The Collector of Internal Revenue received the list on July 3rd, the plaintiffs were notified of said assessment by notice and demand dated July 10, 1952.

It is further stipulated that during the year 1952 in cases not docketed with the Tax Court of the United States it was customary to transmit to the taxpayer and his representatives three copies of Waiver Form 870 T.S. for his signature and return for approval and acceptance by or on behalf of the Commissioner; that the taxpayer and his representatives were customarily notified; that if, and when the settlements were approved on behalf of the Commissioner, copies of the accepted agreement would be returned for the taxpayer's file, and it was customary to transmit the form to the taxpayer under a covering letter of transmittal.

It is further stipulated that Mr. Peter J. Troy was counsel for the plaintiffs in handling this case and five other taxpayers related to the deceased and that Troy was representing these six clients at the same time and that when these forms were handed to him in connection with the six cases, he does not recall that anything was said about the return of the forms but it was his understanding that normal procedure would be followed. It is agreed that forms 870 T.S. accepted on behalf of the Commissioner were transmitted to the taxpayer and his representative under letter of June 18, 1952 from Herbert D. Smith, Acting Head Atlanta Division, Appellate Staff, Washington, D. C., in the five other cases which are not at bar. However, in the case at bar, Form 870 T.S. is not referred to in the aforementioned letter of June 18, 1952.

It was the understanding of the Appellate Staff of the Internal Revenue Service that the case at bar with the five other cases above referred to were all related and considered as a group or a single proposal for settlement orally submitted by Mr. Troy. In this proposal separate deficiencies or overpayments were proposed in each of the 6 cases. The overpayments to which some of these taxpayers were entitled were, by their agreement, applied to the deficiency due from the estate of Frank Goldberg.

The plaintiffs contend that they are not barred from maintaining this suit by the language of their offer and that the failure of the Commissioner to communicate an acceptance within the statutory period rendered illegal the subsequent collection of the tax.

The court is of the opinion that Form 870 T.S. is not filed within the

meaning of the statute and the pertinent regulations in connection therewith unless and until the offer is accepted by the Commissioner or some person acting in his behalf and under his authority. The plaintiffs here raise the contention that the offer submitted by them is a mere nullity at all events but if it possessed any possibility of having any power it failed here because there was no acceptance of it communicated to them by the Commissioner, and to sustain them in this regard they apply legal concepts generally accepted in contracts which require some communication of the acceptance of an offer before it becomes binding. Williston on Contracts, Section 70; 17 C.J.S., Contracts, § 45, p. 385.

■ In House v. Commissioner, 2 Cir., 97 F.2d 516 it was held that no notice to the taxpayer of acceptance of its waiver prior to the expiration of the Statute of limitations was necessary to make the waiver valid. To like effect Greylock Mills v. Commissioner, 2 Cir., 31 F.2d 655; Stern Bros. & Co. v. Burnet, 8 Cir., 51 F.2d 1042, 1044; Florsheim Bros. Co. v. U. S., 280 U.S. 453, 50 S.Ct. 215, 74 L.Ed. 542. Our circuit held in Clifton Manufacturing Co. v. U. S., 4 Cir., 76 F.2d 757, a tax waiver was valid notwithstanding the fact that it was executed after the expiration of the period of limitations. The court there held that the waiver should not be cancelled for the purpose of enabling a recovery of the tax. By analogy there is no valid reason for nullifying the waiver merely because the Commissioner failed to notify the taxpayer of its acceptance. The record clearly discloses that the waiver was accepted on behalf of the Commissioner and the assessment made within the time therein specified.

■ Regardless of what may have been the legal significance of the execution of Form 870 T.S. by the taxpayer, there can be no denial of the fact that the detention by the Commissioner, or agents acting under his authority, succeeded in preventing the Commissioner from pursuing the remedies available to him and which would have been pursued but for the fact that the offer was submitted in writing. It would be unjust to permit the taxpayer to gain this advantage by virtue of his executing this form and let him escape his tax liability later on the ground that it had no force or effect.

The taxpayer relies on Botany Worsted Mills v. U. S., 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379; Joyce v. Gentsch, 6 Cir., 141 F.2d 891; Cuba Railroad Co. v. U. S., D.C., 124 F.Supp. 182. However, the plaintiffs recognize that Guggenheim v. U. S., 77 F.Supp. 186, 111 Ct.Cl. 165, certiorari denied 335 U.S. 908, 69 S.Ct. 411, 93 L.Ed. 441, rehearing denied 336 U.S. 911, 69 S.Ct. 513, 93 L.Ed. 1075, is an authority against the plaintiff's contention. Schneider v. Kelm, D.C., 137 F.Supp. 871. In the instant case we have present facts which were not present in any of the cases above referred to. To wit: The proposition submitted in this case was interwoven with five other cases and the action which the Commissioner was induced to take here was influenced in effecting settlement of all other cases in a package settlement. It is significant to note that the same attorney was handling the six cases in the same department at the same time and that it induced an all-around settlement of all of the cases and involving all of the several interests. Trustees for Ohio and Big Sandy Coal Co. v. Commissioner, 4 Cir., 43 F.2d 782. It would certainly be inequitable now to treat this document in the instant case as a nullity when there is no way by which the United States could restore its position in the other five cases.

We prefer to rest our decision in this case on the proposition that the consent agreement tendered by the plaintiffs in this case was accepted and acted upon by the Commissioner and it became a binding agreement sufficient to estop the plaintiffs from maintaining this action to recover the tax. Rubel Corporation v. Rasquin, D.C., 43 F.Supp. 111, affirmed 2 Cir., 132 F.2d 640; R. H.:

Stearns Co. v. U. S., 291 U.S. 54, 61, 54 S.Ct. 325, 78 L.Ed. 647.

Findings of fact and conclusions of law will be entered in accordance herewith and a judgment accordingly.