Julian **MURPHY**, Petitioner,

v.

W. C. **HOLMAN**, Warden, Kilby Prison, Respondent.

Civ. A. No. 2162–N.

United States District Court
M. D. Alabama, N. D.

April 19, 1965.

Court of Tallapoosa County, Alabama, and various officials thereof, in April, 1962, at which time, upon conviction by a jury for the offense of forcibly ravishing, he was sentenced to a term of imprisonment in the Alabama State penitentiary for a period of ten years. In the petition now presented, Murphy says that his constitutional rights were violated and his present incarceration is illegal in that:

(1) The solicitor, as prosecuting officer for said court, knowingly used perjured testimony in the trial against him;

(2) He had no attorney present during a critical stage of the prosecution when the jury verdict was returned against him;

(3) A nunc pro tunc order was entered by the judge subsequent to his conviction and subsequent to his incarceration without notice and without an opportunity for him to be heard, either personally or through counsel;

(4) The composition of the grand jury and the petit jury which indicted and convicted him was illegal in that Negroes were systematically excluded; and

(5) His attorneys who represented him on the trial of the case when he was convicted and sentenced were inadequate and incompetent.

Upon the filing of Murphy's application in this court, the respondent Warden was directed by the Court in its order of February 4, 1965, to appear in this cause on or before the 1st day of March, 1965, and show cause, if any there be, why this Court should not issue the writ of habeas corpus as herein prayed for. Pursuant to the order, the respondent Warden, by and through the Attorney General for the State of Alabama, filed a return and answer and, in the alternative, a motion to dismiss the application of Murphy. With this return and answer the respondent Warden presents to this Court several exhibits, including the State court transcript reflecting the complete proceedings had upon the original trial in the Circuit Court of Tallapoosa County, Alabama, wherein the petitioner was indicted and convicted. There is also presented to this

---

Richmond M. Flowers, Atty. Gen., State of Alabama, and John C. Tyson III, Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for respondent Holman.

M. Roland Nachman, Jr., of Steiner, Crum & Baker, Montgomery, Ala., court-appointed atty., for petitioner Murphy.

JOHNSON, District Judge.

The petitioner Murphy by order of this Court made and entered herein on February 4, 1965, filed in forma pauperis his application for a writ of habeas corpus. Petitioner alleges that he is presently incarcerated by the State of Alabama at Kilby Prison, Montgomery, Alabama, in violation of his constitutional rights. He alleges, further, that his constitutional rights have been violated by the State of Alabama, acting through the Circuit

Court a copy of Murphy's application for a writ of error coram nobis filed with the Court of Appeals for the State of Alabama, as he is required to do when a conviction in the Circuit Court has been affirmed by that Court.

The initial issue now presented in this proceeding—and the issue which disposes of the case in this court for the present time relates to whether or not the petitioner Murphy has exhausted his remedies available to him by the State of Alabama, as he is required to do pursuant to Title 28, Section 2254, United States Code—is whether as to any of the issues as above enumerated Murphy is entitled to a plenary hearing in this court on his habeas corpus petition. After studying the pleadings in this case and petitioner Murphy's traverse to the answer of the respondent Warden, to which traverse there is attached an affidavit executed by the petitioner, this Court finds as to each of the contentions Murphy now presents in support of his application for a writ of habeas corpus, as follows:

■ (1) Murphy failed to exhaust the remedies available to him in the courts of the State of Alabama as to his contention that there was a knowing use of perjured testimony by the prosecuting officer in that it is affirmatively reflected in his application for a writ of error coram nobis which he presented to the Alabama Court of Appeals that he failed to state that any perjured testimony which was used against him on the trial of the case in the State court was used knowingly. In the absence of such an allegation, the contention that he now presents here concerning the "knowing" use of perjured testimony was not adequate and fairly presented to the Alabama courts.

■ (2) As to the petitioner's contention that no attorney was present when the jury reported, Murphy's affidavit filed with this Court on April 7, 1965, affirmatively reflects that one of his lawyers, Sam Oliver, was present at that time and that he was mistaken in his allegations made in the original petition that no at-

torney was present. This Court knows of no law which makes it a violation of a defendant's constitutional rights for only one of his attorneys to be present during any stage of the proceedings which resulted in his conviction and incarceration.

■ (3) As to the contention concerning the nunc pro tunc order entered by the trial court, the records now presented to this Court affirmatively reflect that on February 21, 1963, the Court of Appeals of Alabama remanded Murphy's cause to the Circuit Court of Tallapoosa County, Alabama, for a hearing on a petition filed by the Attorney General for the State of Alabama, seeking to have it determined whether or not the trial judge had asked the petitioner Murphy prior to the time he sentenced him whether he had anything to say. Upon that remand, the trial court did on April 10, 1963, amend its judgment entry nunc pro tunc, as authorized by Title 7, Sections 566–567, Code of Alabama. The proceedings were then returned to the Court of Appeals for Alabama where the entire matter was reviewed and affirmed. This Court can see no violation of petitioner's constitutional rights as to this contention in view of the fact that the record reflects that during this time of the proceeding Murphy was represented by an attorney of his choice, the Honorable John Glenn.

■ (4) Concerning Murphy's contention that his constitutional rights have been violated in that he was indicted by a grand jury and convicted by a petit jury which juries were illegally constituted in that Negroes had been systematically excluded, this Court finds as it has found in the past, that this petitioner, a white man, has no standing in this type of proceeding to raise the issue. Blauvelt v. Holman, D.C., 237 F.Supp. 385; probable cause denied February 3, 1965 by the Circuit Court of Appeals for the Fifth Circuit.

■ As to Murphy's contention that his counsel were inadequate and incompetent, the record now presented affirmatively reflects that Murphy failed to fairly present this issue to the Court of Appeals

for the State of Alabama when he filed his application for a writ of error coram nobis; thus, as to this issue he has also failed to exhaust his available State remedies.

In accordance with the foregoing and for good cause, it is the order, judgment and decree of this Court that the petition of Julian Murphy for a writ of habeas corpus, filed herein in forma pauperis by leave of this Court on February 4, 1965, be and the same is hereby denied.

It is further ordered that this cause be and the same is hereby dismissed.

The Clerk of this Court is ordered and directed to forward copies of this order to Julian Murphy in care of the Warden of Kilby Prison, Montgomery, Alabama, to the Honorable M. Roland Nachman, Jr., attorney for petitioner Murphy, and to the Honorable Richmond M. Flowers, Attorney General, State of Alabama, Montgomery, Alabama, attorney for the respondent.