Jack M. LESSER, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 220, Docket 30059.

United States Court of Appeals
Second Circuit.

Argued March 8, 1966.

Decided Nov. 9, 1966.

Hays, Circuit Judge, dissented from the determination of the panel; Smith and Anderson, Circuit Judges, dissented from the opinion of the court en banc.

Daniel H. Greenberg, New York City (Marvin Margolis, New York City, on the brief), for appellant.

Deene R. Goodlaw, Atty., Dept. of Justice, Washington, D. C. (Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson and Harold C. Wilkenfeld, Attys., Dept. of Justice, Washington, D. C., Joseph P. Hoey, U. S. Atty., and Ralph A. Bontempo, Asst. U. S. Atty., E.D.N. Y., on the brief), for appellee.

Before SMITH, HAYS and ANDERSON, Circuit Judges, and

Before LUMBARD, Chief Judge, WATERMAN, MOORE, FRIENDLY, SMITH, KAUFMAN, HAYS, ANDERSON and FEINBERG, Circuit Judges, en banc on the issue of burden of proof.

SMITH, Circuit Judge:

Jack M. Lesser appeals from the denial of his motion for summary judgment on the counterclaim of the United States in the United States District Court for the Eastern District of New York, Jacob Mishler, Judge, 242 F.Supp. 480, and from a judgment on that counterclaim in favor of the government, following a jury verdict in its favor, Walter Bruchhausen, District Judge. Lesser sued for a refund of taxes paid and the government counterclaimed for collection of the balance said to be due. The tax in question was the penalty tax created by § 2707(a) and (d) of the Internal Revenue Code of 1939, see § 6672 of the 1954 Code, for failure to collect, truthfully account for, and pay over employment taxes withheld. A central issue on trial was whether Lesser was a "responsible person" under the statute. See § 6671, 1954 Code.

Lesser worked for and was an officer in the Lesser Plumbing and Heating Corporation until 1953 when that concern was dissolved. He then became an officer in the Cherry Lane Plumbing and Heating Corporation, which was formed on the dissolution of the Lesser Corporation and continued its business. $28,771.03 in payroll taxes was withheld by the corporations in 1953 and 1954, but not paid over to the government. In 1956 assessments were made in this amount against appellant as a responsible person who failed to pay over.

On January 26, 1959, taxpayer submitted, together with a $500 deposit, an offer in compromise to the Internal Revenue Service on its Form 656-C, expressly waiving "any statute of limitations applicable to the assessment and/or collection of the liability sought to be compromised," and suspending the limitations period while the offer was pending and for one year thereafter. The document was signed for the District Director by Ernest Shaw, Chief, Revenue Accounting Branch. On June 1, 1962, the offer was rejected, and in January 1963 taxpayer commenced this action to recover the $500, the United States counterclaiming for the balance of the assessments. We conclude that the denial of summary judgment for the taxpayer on the counterclaim was proper, but reverse the judgment in favor of the United States on the counterclaim and remand for further proceedings.

Denial of summary judgment was proper unless the waiver of the statute of limitations was ineffective, for then the counterclaim would not have been timely. Waiver of the statute of limitations is governed by § 1635(d) of the 1939 Code (waiver of the statute of limitations on collection after assessment of employment taxes) and by § 6502 of the 1954 Code (waiver of the statute of limitations on collection after assessment on all taxes). The parties appear to be in some disagreement as to which statute governs the waiver here, see 26 U.S.C. § 7851(a)(6), but in our view the waiver was effective under either statute.

■ It is settled that a statutory waiver of the statute of limitations, whether it be of assessment (1939 Code § 275(b), 1954 Code § 6501(c)(4)) or of collection after assessment, as here, is not a contract. Florsheim Bros. Dry Goods Co. v. United States, 280 U.S. 453, 466, 50 S.Ct. 215, 74 L.Ed. 542 (1930); Stange v. United States, 282 U.S. 270, 276, 51 S.Ct. 145, 75 L.Ed. 335 (1931); House v. Commissioner of Internal Revenue, 97 F.2d 516, 517 (2 Cir.), cert. den. 305 U.S. 633, 59 S.Ct. 101, 83 L.Ed. 406 (1931); Mertens, Law of Federal Income Taxation, § 57.47, § 57.69. It is "essentially a voluntary, unilateral waiver of a defense by the taxpayer." Stange 282 U.S. at 276, 51 S.Ct. at 147.

Both statutes, § 6502 of the 1954 Code, and § 1635(d) of the 1939 Code, appear to require a written agreement, however. § 1635(d) says that collection must be begun within six years of assessment or "prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer." The language employed in § 6502 is "agreed upon in writing by the Secretary or his delegate and the taxpayer."

Appellant suggests that the addition of "or his delegate" in the 1954 Code was meant to resolve a conflict in the courts as to whether the Commissioner had to sign the waiver. In fact, however, the substitution of "the Secretary or his delegate" for "the Commissioner" was uniform in the 1954 Code and there was no intent to alter existing law. Appellant's argument contains a fundamental ambiguity. It is true that the 1954 language makes it clear that the Secretary need not personally sign; but the 1954 language does not settle the problem to which appellant refers, which is whether a waiver unsigned by anyone for the government, and signed only by taxpayer, is effective. Contrast Commissioner of Internal Revenue v. Hind, 52 F.2d 1075 (9 Cir. 1931), John M. Parker Co. v. Commissioner of Internal Revenue, 49 F.2d 254 (5 Cir. 1931), and Holbrook v. United States, 284 F.2d 747 (9 Cir. 1960) with S. S. Pierce Co. v. United States, 93 F.2d 599 (1 Cir. 1937), United States v. Bertelsen and Petersen Engineering Co., 95 F.2d 867 (1 Cir. 1938), Commissioner v. United States Refractories Corp., 64 F.2d 69 (3 Cir.), affirmed per curiam by an equally divided court, Helvering v. United States Refractories Corp., 290 U.S. 591, 54 S.Ct. 94, 78 L.Ed. 521 (1933), and Atlantic Mills of R. I. v. United States, 3 F.Supp. 699, 78 Ct.Cl. 219 (1933). The question was expressly left open in R. H. Stearns Co. of Boston, Mass. v. United States, 291 U.S. 54, 54 S.Ct. 325, 78 L.Ed. 647 (1934).

Appellant cites *Pierce, Bertelsen, Refractories, Atlantic,* and a number of Tax Court cases as if for the proposition that the Commissioner, personally, must sign under the 1939 Code, and concludes, in effect, that the signing here amounted to an improper delegation. But these cases have nothing to do with delegation; in each of them only taxpayer signed, and no one signed for the government.

■ Of course, if no signature is required at all for the government, then no delegation problem is presented at all. In our view the cases exemplified by Holbrook v. United States, supra, holding that the requirement of written agreement by the Commissioner or Secretary or delegate is directory only, represent the better view. Since taxpayer is making "a voluntary unilateral waiver of a defense," and since the statute is for taxpayer's benefit, the requirement ought to be so construed. Furthermore, we

read the statutes as requiring that the waiver be in writing, and that there be an agreement, but only that the writing express the terms of the agreement; we regard "by the Commissioner" and "by the Secretary or his delegate" as intended to modify "agreement" but not "writing." But we also believe that even if the matter is mandatory the requirement was met here.

■ The Commissioner's Delegation Order 42 (November 1, 1956), 56–1 Cum. Bull. 1378, permits the waiver of the statute of limitations under the 1939 Code to be signed by a subdelegate of the District Director. Appellant's argument is that no such delegation, permitted though it was, was shown to have occurred as to Shaw. The answer is that the government has the benefit of the presumption of regularity. Since the document was signed in an apparently regular manner, it is presumed that Ernest Shaw was acting within delegated authority. See R. H. Stearns, supra, at 63, 54 S.Ct. at 328, where the court observed that "[a]cts done by a public officer 'which presuppose the existence of other acts to make them legally operative, are presumptive proofs of the latter.'" See also Myrick v. United States, 296 F. 2d 312, 314 (5 Cir. 1961). In Onondaga Co. v. Commissioner of Internal Revenue, 50 F.2d 397, 399 (2 Cir. 1931), this court said, "it will be presumed that the signatures to waivers were properly affixed * * *, since it [sic] was apparently affixed by someone connected with the department." Hence appellant had to come forward with some evidence indicating an absence of delegation. Since he did not, he cannot prevail.

■ But appellant says that as the evidence was in the hands of the government, it should be required to come forward. This claim is without merit, since appellant could have required production of any authority.

■ The result would be the same if the 1954 Code governs the question. Appellant's argument is that there is no power to subdelegate, comparable to Or-der 42, supra. The statute, § 6502, 1954 Code, gives the delegate of the Secretary power to sign. The implementing regulation (Regs. § 301.6502–1(a) (2) (i)) is the actual delegation to the District Director. But there is no authority to subdelegate, and, presumably, even if there were evidence of an actual subdelegation to Shaw, his signing as a subdelegate would not be effective because his superior lacked the power to delegate. But we do not regard Shaw, for the purposes of the 1954 Code (and the same could be said as to the 1939 Code), as a subdelegate. As a result of the presumption of regularity, Shaw was shown to be acting for the District Director, not as his delegate, with independent discretion, but rather at his direction, and for him.

■ Next, appellant suggests that as he received no notice that the Internal Revenue Service consented to his waiver, the waiver is without effect. It is clear that no notice of consent to a waiver is required. Greylock Mills v. Commissioner of Internal Revenue, 31· F.2d 655, 657 (2 Cir.), cert. den. Greylock Mills v. Lucas, 280 U.S. 566, 50 S.Ct. 25, 74 L.Ed. 619 (1929); Stern Bros. & Co. v. Burnet, 51 F.2d 1042, 1044–1045 (8 Cir.1931); House, supra, 97 F.2d at 518; Girard v. Gill, 142 F.Supp. 770, 772 (M.D.N.C. 1956), aff'd per curiam 243 F.2d 166 (4 Cir.1957) (leaving the question expressly open on affirmance).

■ Accordingly, the waiver was effective, the counterclaim was timely, and denial of summary judgment was proper.

■ The next issue is the correctness of the charge. The charge on responsible person under the statute, largely only a repetition of the statute, was inadequate. This complex and central issue should be more fully treated. Williams v. Powers, 135 F.2d 153, 157 (6th Cir.1943); Pritchard v. Liggett & Myers Tobacco Co., 350 F.2d 479, 487 (3d Cir.1965); see also Atchison, T. & S. F. R. Co. v. Preston, 257 F.2d 933, 937 (10th Cir. 1958). The failure so to treat the issue is error in the light of plaintiff's requests to charge No. 6 (App. 113A ff)

and No. 8 (App. 117–118A), and the exceptions taken (App. 80A–81A).

The next item deals with the burden of proof. The majority of the panel, consisting of Judges Smith and Anderson, believed that the district court's instruction on the burden of proof was incorrect. They would have held that it placed a burden on the taxpayer the Congress did not intend by requiring him to carry the burden of persuasion even though on the counterclaim the government is the affirmative claimant, and would have confined the effect of the presumption to a shift in the burden of going forward. Since the position taken by this panel majority involved overruling United States v. Lease, 346 F.2d 696 (2d Cir. 1965), the court voted to consider the issue *en banc* and the issue was submitted to the entire court.

Opinion for the court *en banc* on the issue of burden of proof.

HAYS, Circuit Judge, with whom LUMBARD, Chief Judge, and WATERMAN, MOORE, FRIENDLY, KAUFMAN and FEINBERG, Circuit Judges, concur:

It is the decision of the court *en banc* that the district court's instruction on the issue of burden of proof was correct.

The circumstances of the case have been adequately described in Judge Smith's opinion.

The charge of the district court on burden of proof was:

"A tax assessment * * * is presumed valid.

The burden is upon plaintiff to convince you by a fair preponderance of the credible or believable evidence to overcome the valid presumption of regularity of assessment."

This charge followed closely the charge approved in United States v. Lease, supra, which read as follows:

"the burden is therefore on the taxpayer in the first instance to disprove the computations made by the Commis-

sioner by a fair preponderance of the credible evidence. * * * "

In Bull v. United States, 295 U.S. 247, 260, 55 S.Ct. 695, 700, 79 L.Ed. 1421 (1935), Roberts, J., writing for a unanimous court, said:

"Thus, the usual procedure for the recovery of debts is reversed in the field of taxation. Payment precedes defense, and the burden of proof, normally on the claimant, is shifted to the taxpayer. The assessment supersedes the pleading, proof, and judgment necessary in an action at law, and has the force of such a judgment."

"The basis of the presumption" Judge Moore said in Lease, "[is] that governmental officers act reasonably and according to law." He quoted from Bull v. United States, supra: "taxes are the life-blood of Government, and their prompt and certain availability an imperious need."

■ The result of the rule proposed by Judge Smith, that the burden of proof is on the government when the government is asserting the claim, would be to encourage taxpayers to wait for the government to sue. If such a rule were adopted the tax bar would quickly move to make the task of the government more difficult by advising clients not to pay taxes under protest but, by forcing the government to collect by levy and suit, secure the advantage of shifting the burden of proof.

The judgment on the counterclaim is reversed and the case is remanded for further proceedings in accordance herewith.

HAYS, Circuit Judge (dissenting):

I dissent from the determination of the panel that the charge on responsible person was inadequate. Moreover, even assuming the inadequacy of that charge, the point is not available to the appellant since he made no specific objection to the charge on this ground. See United States v. Indiviglio, 10 Cir., 352 F.2d 276 (1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).