SHEPHARD AND HEDDA LANE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lane v. Commissioner
Docket No. 3077-89
United States Tax Court
T.C. Memo 1992-11; 1992 Tax Ct. Memo LEXIS 13; 63 T.C.M. (CCH) 1736; T.C.M. (RIA) 92011; January 7, 1992, Filed *13 Albert Feuer, for petitioners. Theodore R. Leighton, for respondent. WELLS, Judge. WELLS
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined the following deficiency in, addition to, and increased interest on the underpayment of petitioners' Federal income tax for taxable year 1977: Addition to Tax
Increased Interest
Deficiency
Sec. 6651(a)(1)
Sec. 6621(c)
$ 22,010.78
$ 5,225.19
[1]
Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The instant case is before us on petitioners' motion to dismiss, which we treat as a motion for partial summary judgment. [1] The issues we are asked to decide are: (1) Whether the Internal Revenue Service (IRS) properly executed the Form 872-A, "Special Consent to Extend the Time to Assess Tax", on which respondent relies in the instant *14 case; (2) whether the Form 872-A was terminated with a Form 872-T, "Notice of Termination of Special Consent to Extend the Time to Assess Tax", and replaced with a subsequent consent to extend the period of limitations on assessment; and (3) whether the Form 872-A was terminated when the IRS sent an invalid notice of deficiency or assessed a tax based on the invalid notice of deficiency prior to sending the notice of deficiency in issue in the instant case. FINDINGS OF FACT Some of the facts and certain documents were stipulated for trial pursuant to Rule 91. We incorporate in this Opinion the parties' stipulations of fact irrespective of any restatement below. Petitioners resided at 401 Mistletoe Way, Lawrence, New York, at the time the petition was filed. Mr. Lane is an attorney who has been practicing *15 law since his admission to the New York bar in 1967. Mrs. Lane is a homemaker but she previously has been employed as a nursery school teacher and an art teacher. On April 24, 1979, petitioners filed their Federal income tax return for taxable year 1977. Petitioners' address shown on the 1977 return was 65 Margaret Avenue, Lawrence, New York. During the summer of 1979, petitioners moved to 401 Mistletoe Way, Lawrence, New York. On September 15, 1981, Frank Scarcella, an IRS revenue agent assigned to examine petitioners' returns for taxable years 1977 and 1978, mailed petitioners a request to execute a Form 872-A with respect to their 1977 taxable year. On October 7, 1981, petitioners executed a Form 872-A for taxable year 1977. Petitioners returned the Form 872-A to Mr. Scarcella on October 13, 1981. Peter Ferrarotto, an IRS Field Audit Group Manager with the Examination Division, signed the Form 872-A on behalf of the IRS. The IRS sent petitioners a notice of deficiency on April 7, 1987, in which respondent determined deficiencies in and additions to tax for petitioners' 1977 and 1978 taxable years. The IRS mailed the April 7, 1987, notice of deficiency by certified mail *16 to the address shown on petitioners' 1977 return, 65 Margaret Avenue. Additionally, the IRS mailed a copy of such notice by ordinary mail to petitioners at their subsequent address, 401 Mistletoe Way. On April 13, 1987, the post office returned to the IRS the April 7, 1987, notice the IRS sent by certified mail to petitioners at their 1977 return address. Petitioners did not receive the April 7, 1987, notice of deficiency within 90 days of mailing. On August 21, 1987, the IRS assessed deficiencies in petitioners' tax for taxable years 1977 and 1978. In February 1988, the IRS Collection Division communicated with petitioners about the assessments. On May 3, 1988, petitioners received for the first time a copy of the April 7, 1987, notice of deficiency. Subsequently, on June 17, 1988, petitioners filed a Tax Court petition challenging the IRS's authority to assess and collect the 1977 and 1978 deficiencies. This Court dismissed the petition for lack of jurisdiction because the April 7, 1987, notice of deficiency was invalid. On October 6, 1988, after requesting and eventually receiving a copy of the Form 872-A from the IRS, petitioners mailed to the IRS a Form 872-T for petitioners' *17 1977 taxable year. Subsequently, on November 16, 1988, the IRS mailed a second notice of deficiency for the 1977 taxable year to petitioners at their 401 Mistletoe Way address. Between May 1, 1989, and December 4, 1989, the IRS abated in full all assessments made on the basis of the invalid April 7, 1987, notice of deficiency. OPINION Petitioners base their motion on their contention that the November 16, 1988, notice of deficiency was issued subsequent to the expiration of the period of limitations to assess a deficiency in petitioners' tax for taxable year 1977. Generally, under section 6501(a), the Commissioner has 3 years to assess any tax. Exceptions that extend the time permitted for assessment are found in section 6501(c). The relevant exception to the instant case, section 6501(c)(4), provides that if, before the applicable period for assessment expires, the Secretary and the taxpayer have consented in writing to the assessment of a tax after such period, the tax may be assessed at any time prior to the expiration of the agreed period. The consent to extend the period of limitations may be for either a specific or an indefinite period of time. If the consent is expressed *18 through a Form 872, "Consent to Extend the Time to Assess Tax," the period for assessing a tax is extended to a specific date. Rev. Proc. 79-22, 1979-1 C.B. 563. Alternatively, if a Form 872-A is used, the period for assessing a tax is extended indefinitely until the occurrence of an event specified in the form. Rev. Proc. 79-22, 1979-1 C.B. 563. To terminate the consent, the first event specified in Form 872-A is the receipt of Form 872-T by the IRS office having jurisdiction over the audit of the taxpayer's return. The second specified event is the mailing of a Form 872-T to the taxpayer by the IRS. After the consent is terminated by a Form 872-T, however, the IRS has 90 days to assess a tax. The IRS also may terminate the consent by mailing the taxpayer a notice of deficiency. After a notice of deficiency is mailed, however, the time for assessing a tax ends 60 days after the period during which the Commissioner was prohibited from making an assessment. [2] Finally, the consent granted by a Form 872-A terminates on the assessment date of an increase in tax that reflects the final determination and final administrative *19 appeals consideration. Petitioners filed their 1977 return on April 24, 1979. Under section 6501, the limitations period for petitioners' 1977 taxable year expired on April 24, 1982. [3] By the showing that the IRS issued the notice of deficiency on November 16, 1988, petitioners have made a prima facie case and the burden of going forward with the evidence shifts to respondent. Adler v. Commissioner, 85 T.C. 535, 540 (1985); Robinson v. Commissioner, 57 T.C. 735, 737 (1972). *20 Respondent has met his burden by producing a facially valid Form 872-A which petitioners executed on October 7, 1981. Adler v. Commissioner, supra at 540. Petitioners signed the form, a group manager signed the form on behalf of respondent, and the face of the form does not indicate any irregularities in its execution. The Form 872-A therefore is facially valid. Accordingly, the burden of going forward with the evidence shifts back to petitioners to show that the Form 872-A is invalid. Adler v. Commissioner, supra at 540. Petitioners argue that the Form 872-A was invalid because the group manager who signed the consent did not have authority to sign it. If the "document was signed in an apparently regular manner", however, respondent is entitled to a presumption that the person signing the Form 872-A acted with authority. Lesser v. United States, 368 F.2d 306, 309 (2d Cir. 1966); Concrete Engineering Co. v. Commissioner, 19 B.T.A. 212, 221 (1930). As noted above, we have found that the Form 872-A was executed in a regular manner. Consequently, to rebut respondent's presumption, petitioners *21 must come forward with evidence indicating an absence of delegation of authority to the person signing the Form 872-A on behalf of the IRS. Lesser v. United States, supra at 309. Petitioners contend that although group managers were permitted, under Delegation Order No. 42 [4] (the delegation order), to be redelegated authority to sign all consents regarding limitations periods, authority was not properly redelegated to the group manager in the instant case under IRS Brooklyn District Delegation Order No. BKN-EX-406 (Rev. 14), October 31, 1978 (the redelegation order). Petitioners argue that the redelegation order was ineffectual at the time the group manager signed the Form 872-A because it cited Revision 10 of the delegation order as authority for the redelegation even though subsequent revisions of the delegation order had superseded Revision 10 prior to the time the group manager signed the instant consent in 1981. *22 Petitioners rely on Internal Revenue Manual (IRM) section 1222(5), which states: When citing the source of the delegation, dates and revision numbers should not be cited. "(As revised)" should be used in lieu of the specific revision number. This will eliminate having to reissue a delegation of authority when the revision numbers and dates change; therefore, a reissuance will be necessary only when a substantive change is made in the cited delegation of authority. [1 Administration, Internal Revenue Manual (CCH), sec. 1222(5), at 1301-9.]
Petitioners argue that by referring to Revision 10 in the redelegation order the IRS did not follow the requirements of the IRM and therefore the Form 872-A is ineffective. We do not agree. Although Revision 10 of the delegation order had been superseded prior to the time respondent's group manager signed the Form 872-A, no revisions subsequent to Revision 10 prohibited group managers from being redelegated authority to sign consents regarding limitations periods. Because all revisions of the delegation order subsequent to Revision 10 allow group managers to be redelegated authority to sign consents to extend periods of limitation, *23 the group manager who signed the Form 872-A appears to have had authority to do so unless the failure to follow the IRM was fatal to the effectiveness of the redelegation. We hold that the redelegation was effective even though the IRM was not followed. Our reasons our twofold. First, we note that the IRM provision is not mandatory; it only suggests use of the term "as revised" instead of referring to the specific revision number. The IRM explains that such procedure avoids the inconvenience of having to reissue the redelegation if a change is made in the revision number or date. Second, petitioners have not advanced evidence of any substantive change affecting the delegation authority set forth in Revision 10 of the delegation order and according to our reading of the IRM, only such a substantive change would require a new redelegation. Moreover, even if respondent failed to comply with the procedures outlined in the Internal Revenue Manual, such failure would not entitle petitioners to any relief. Agencies are not required at the risk of invalidating their actions to follow all of their rules. Capitol Federal Savings and Loan Association v. Commissioner, 96 T.C. 204, 216 (1991) *24 (and citations therein). General statements of policy and rules governing internal agency operations, which do not have the force and effect of law, are not binding on the agency issuing them and do not create substantive rights in the public. Capitol Federal Savings and Loan Association v. Commissioner, supra at 216 (and citations therein). Accordingly, we hold that petitioners have failed to rebut respondent's presumption of authority in the instant case. Petitioners next contend that even if a valid Form 872-A existed, the consent terminated with respondent's receipt of a Form 872-T. Petitioners further contend that they subsequently executed a Form 872, and that the notice of deficiency in the instant case must have been issued after the last date upon which the IRS could assess a tax under the alleged Form 872. Neither the alleged Form 872-T nor the alleged Form 872, however, was offered by petitioners. Petitioners base their argument upon the uncorroborated testimony of petitioner Shephard Lane who testified that he recalls signing a consent in 1984 or 1985. Mr. Lane, however, could not recall whether he signed one or two documents and testified *25 that, while he thought the documents that he signed were for taxable years 1977 and 1978, he could not remember if he signed agreements for any other taxable years. Respondent, however, offered at trial [5] two Forms 872-A which petitioners had signed. One form, petitioners signed during 1984 for the 1980 taxable year, and the other form, petitioners signed during 1985 for the 1978 and 1979 taxable years. In light of such rebuttal evidence, we are unwilling to accept Mr. Lane's vague testimony as establishing that the Form 872-A was terminated by Form 872-T and replaced with a new Form 872 with a specific termination date. Tokarski v. Commissioner, 87 T.C. 74, 76 (1986). *26 Petitioners further contend that the indication of several different statute of limitations expiration dates on internal IRS forms used by respondent's employees in the instant case proves that the Form 872-A was terminated and replaced with a Form 872. Specifically, petitioners contend: "No explanation was given of the significance of other statute of [limitations] expiration dates appearing on the IRS internal forms for the Lanes." Petitioners, however, appear to lose sight of the fact that they have the ultimate burden of persuasion on the expiration date for the limitations period. Kronish v. Commissioner, 90 T.C. 684, 692 (1988); Alder v. Commissioner, 85 T.C. at 540. They cannot meet that burden by advancing unsupported allegations of unexplained dates on an IRS internal form. Finally, petitioners argue that the invalid statutory notice of deficiency which the IRS mailed on April 7, 1987, and the assessment based upon that invalid notice, were effective to terminate the Form 872-A. We recently decided, however, that neither an invalid statutory notice of deficiency nor an assessment based on an invalid statutory notice of deficiency *27 is effective to terminate a Form 872-A. Coffey v. Commissioner, 96 T.C. 161, 166 (1991). We have considered all of petitioners' remaining arguments and find them to be without merit. Accordingly, we will deny petitioners' motion. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. 120% of the adjusted rate of interest under section 6601.↩
1. An issue based on the statute of limitations is a defense in bar and not a plea to the jurisdiction of this Court. Rule 39; Badger Materials, Inc. v. Commissioner, 40 T.C. 1061, 1063↩ (1963).
2. Under sec. 6213↩, subsequent to mailing a notice of deficiency, the Commissioner is prohibited from assessing any tax for 90 days, the period during which the taxpayer may petition this Court for a redetermination.
3. The record contains no evidence that would support a finding that a period of limitations other than the general 3-year period applies to the instant case.↩
4. Delegation Order No. 42 (Rev. 10), 1978-2 C.B. 469; (Rev. 11) 1979-1 C.B. 474; (Rev. 12) 1979-2 C.B. 482; (Rev. 13) 1980-1 C.B. 571; (Rev. 14) 46 Fed. Reg. 40969↩ (Aug. 13, 1981), provides that the authority to sign all consents regarding a limitations period is delegated to Regional Directors of Appeals, Service Center Directors, District Directors, and Director of International Operations. The order further provides authority may be redelegated to a defined group of Internal Revenue Service employees. Group managers are permissible candidates to whom authority to sign consents may be redelegated.
5. During trial we reserved ruling on whether the Forms 872-A for taxable years 1978, 1979, and 1980 would be admitted into evidence. Because the documents were not exchanged at least 15 days prior to trial, as required by the Standing Pre-Trial Order issued in the instant case, we admit them solely for the purpose of rebutting Mr. Lane's testimony.↩